Gene Arthur GAMBLE, Appellant,

v.

STATE of Texas, Appellee.

No. 4064.

Court of Civil Appeals of Texas.

Eastland.

June 24, 1966.

Elijah W. Ratcliff, Livingston, for appellant.

Frank Briscoe, Dist. Atty., Houston (Jim Heidelberg, Asst. Dist. Atty.), for appellee.

WALTER, Justice.

The State of Texas filed a petition against Gene Arthur Gamble asserting that he was a delinquent child in that he did unlawfully carry on or about his person a pistol. In a non-jury trial, the court found Gamble to be a delinquent child and he has appealed.

▮ The rules of civil procedure are applicable to this case. In Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, at page 277, 151 A.L.R. 1217 (1944), the court said:

"To come under the provisions of this Act, a reasonable and definite charge must be filed against the minor. The minor is entitled to have his rights fully safeguarded, and to have adequate process for his witnesses. If the objects of the Act are to be accomplished, the proceedings thereunder must necessarily be civil in nature, and while in some respects the orders or the judgment of the court may have the characteristics of a judgment in a criminal case, the customary rules of evidence in civil cases, developed through long experience as essential in arriving at the truth with reasonable certainty, must be followed."

▮ The appellant asserts in his first point that the court erred in refusing to sustain his objection to some evidence he considered hearsay. No statement of facts has been filed. In the absence of a statement of facts, we must presume that sufficient evidence was introduced to support the findings of the court. Lane v. Fair Stores, Inc., 150 Tex. 566, 234 S.W.2d 683, (1951). No findings of fact or conclusions of law were requested by appellant. Where no findings of fact or conclusions of law have been filed, we must assume that the trial court's findings were all in support of its judgment. The City of Abilene v. Meek, Tex. Civ.App., 311 S.W.2d 654, (Writ Ref.).

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.