George Melvin **COLLINS**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 128.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 5, 1968.

Sigmund A. Horvitz, Houston, for appellant.

Carol S. Vance, Dist. Atty., Nick Barrera, D. L. McCairns, Joe S. Moss, Asst. Dist. Attys., Houston, for appellee.

TUNKS, Chief Justice.

On November 24, 1967, a petition was filed in case number 15,725 in the Juvenile Court of Harris County, Texas, alleging that the defendant, George Melvin Collins, was a delinquent child. The particular offense alleged to have been committed by the defendant, establishing his delinquency, was the theft of automobile tires which were "the personal property of Dena Kanuses."

On January 4, 1968, when the case was called for trial the record before us reveals that the following proceedings occurred:

"Mr. McCairns: Your Honor, the Petitioner would move to amend the petition to show the name of the complainant as Mr. Alphonse Knauses instead of, for that of his wife, Dena Kanuses.

"The Court: Any objections, Counsel?

"Mr. Horvitz: No, Your Honor, I have no objections.

"The Court: All right. Motion will be granted."

Thereupon, the attorney representing the State proceeded to interrogate Mr. Alphonse Kanuses. The witness, being sworn, testified that he was the owner of the car from which the tires had been taken, but that on the occasion of the taking, the car was being used by his daughter, Dianne Kanuses.

The State then made a motion for non-suit and the following proceedings occurred:

"Mr. McCairns: Your Honor, may we approach the bench? At this time Petitioner will move for a non-suit without prejudice. At this time it is obvious that the person that was driving the car is not this witness.

"The Court: Motion for non-suit granted.

"Mr. Horvitz: The Respondent would move for a finding of not delinquency in this matter for the reason that the trial has begun and—

"The Court: Counsel has the right to ask for a non-suit at any time prior to judgment and the Court has no other authority than to grant it.

"Mr. Horvitz: The rule as to non-suits, as I read it, is to the effect the other side has a claim for the affirmative relief, that in this case that plaintiff's rights to a non-suit is limited, and we are asking for a finding of not delinquent rather than a non-suit because this is a claim for affirmative relief.

"The Court: The objection will be overruled?"

No order of the Court terminating the case pursuant to the State's motion for non-suit appears in the transcript.

On January 12, 1968, another petition was filed in case number 15,725. Though this second petition was not so designated, we assume that it was an amended petition. In this pleading it was alleged that the defendant had stolen some automobile tires from Alphonse Kanuses. It is to be noted that, though the trial court at the beginning of the January 4th hearing, granted the State permission to amend this petition, no such written amendment was filed until after that hearing had ended in the Court's granting the State's motion for non-suit. There is no explanation in the record as to why the State failed to file the trial amendment at that time.

On February 8, 1968, a trial was had on the State's second petition. At the begin-

ning of that hearing the defendant presented to the Court a pleading designated "Defendant's First Amended Plea of Jeopardy." In this plea he alleged that he should not be further prosecuted because earlier, on January 4, 1968, he was tried on a "petition with the offense of felony theft of automobile tires from Alphonse Kanuses on or about the 13th day of November, 1967, and being the same petition under which defendant is now charged herein." In the hearing on this plea it was agreed that the court reporter's transcript of the proceedings of the January 4th trial should be received as evidence relating to the plea. The trial court overruled the defendant's plea of former jeopardy and proceeded to trial on the merits. The defendant was adjudicated a delinquent. No statement of facts was filed showing the evidence heard on the February 8th hearing. All of appellant's points of error relate to the trial court's overruling of the plea of former jeopardy.

■ A juvenile delinquency trial is a civil proceeding conducted in accordance with the Texas Rules of Civil Procedure except insofar as special statutes are applicable. Steed v. State, 143 Tex. 82, 183 S.W.2d 458; Gamble v. State, Tex.Cr. App., 405 S.W.2d 384; Art. 2338–18, Sec. 18, Vernon's Ann.Tex.Civ.St. However, since it is a proceeding which seeks to deprive the defendant of his liberty, the defendant is guaranteed all of the privileges and immunities which he would have if it were a criminal proceeding. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527. Among those rights is the right to be tried in accordance with due process, including the immunity from twice being placed in jeopardy for the same offense. Sawyer v. Hauck, D.C., 245 F.Supp. 55; Garza v. State (Tex.Cr.App.), 369 S.W.2d 36; Art. 1, Sec. 14, Constitution of the State of Texas, Vernon's Ann.; Art. 1.10, Texas Code of Criminal Procedure, Vernon's Ann.

If, on January 4, 1968, this defendant was placed in jeopardy pursuant to a charge that he stole some tires from Alphonse Kanuses, then his subsequent trial on February 8, 1968, for the same offense, would obviously be in violation of that privilege of immunity. McLelland v. State (Tex.Cr.App.), 420 S.W.2d 417; Davis v. State, 144 Tex.Cr.R. 474, 164 S.W.2d 686.

■ We are of the opinion that the record before us indicates an intention on the part of both the State and the defendant that the January 4th trial be a trial on the charge of stealing tires from Alphonse Kanuses. It is not at all inconsistent with the applicable Texas Rules of Civil Procedures that issues be tried by consent without written pleadings being on file at the time the evidence is presented. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Chambless v. J. J. Fritch, General Contractor, Tex.Civ.App., 336 S.W.2d 200, writ ref., n. r. e.; Rules 66 and 67, Texas Rules of Civil Procedure. In this case the State got the Court's permission to file a trial amendment and the defendant agreed thereto. While the State did not then and there file a written trial amendment, later, without any dismissal of the case, another pleading was filed in the same numbered case pleading the facts which, according to the oral representations made by the attorney for the State to the court and the defendant, were to be included in the trial amendment. Thus, we are of the opinion that the defendant was, on January 4, 1968, placed in jeopardy of a charge of stealing tires from Alphonse Kanuses. Therefore, his subsequent trial and conviction on February 8, on that same offense, was a violation of his constitutional protection from twice being placed in jeopardy for the same offense.

The judgment of the trial court is reversed and judgment is here rendered for the defendant that he be released from the custody of the Texas Youth Council.