The STATE of Texas, Appellant,

v.

Perry ·D. MARSHALL, Appellee.

No. 16199.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1973.

Carol S. Vance, Dist. Atty., Kenneth W. Sparks, Asst. Dist. Atty., Houston, for appellant.

John Robert King, Pasadena, for appellee.

EVANS, Justice.

Does the State have right of appeal from a juvenile court order of dismissal in a delinquency proceeding?

Perry Marshall, fourteen years old at time of trial, was charged a delinquent child by having committed the crime of felony theft. Testimony was presented at the delinquency hearing that a railroad boxcar had been entered and clothing taken therefrom; that about a week later Perry Marshall was arrested and detained at the Juvenile Probation Department; and that while being interrogated during his detention, Perry Marshall orally admitted involvement in the crime. According to the testimony, admitted without objection, Perry Marshall told the interrogating officer he had been approached by some older youths who had asked him if he wanted to "rip off" a boxcar with them; that they then proceeded to break the seal on the boxcar door and took clothing from the boxcar; and that after the clothing was taken from the boxcar the older boys threw rocks at him, "ran him off" and kept the clothing. The testimony further established that the clothing was not recovered and that the older youths were not apprehended.

At the conclusion of the State's case, the trial court directed a verdict of dismissal on the ground that the State's evidence

was insufficient, as a matter of law, to prove guilt beyond a reasonable doubt because the extra-judicial statement of the juvenile was uncorroborated and was combined only with evidence that a crime had been committed. From this order the State has attempted to appeal.

Certainly the State would have no right of appeal if Perry Marshall were being tried as an adult criminal offender. Article 5, sec. 26 of the Texas Constitution, Vernon's Ann.St., provides:

"The State shall have no right of appeal in criminal cases."

The State argues, however, that the Legislature provided it with a right of appeal under the provisions of Sec. 21 of Article 2338–1, Vernon's Annotated Texas Statutes, the Juvenile Delinquency Act in effect at time of trial, which provided that in a case before the juvenile court "an appeal may be taken by any party aggrieved to the Court of Civil Appeals and the case may be carried to the Supreme Court by writ of error or upon certificate, as in other civil cases." The State contends that juvenile proceedings, while in some respects having characteristics of a criminal proceeding, are governed by the Texas Rules of Civil Procedure, citing Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944).

Article 1, Sec. 14 of our Texas Constitution provides:

"No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

The Fifth Amendment to our Federal Constitution contains similar language.

■ Our constitutional guarantee against against twice being put in jeopardy for the same offense is fundamental to our system of justice. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Benard v. State, 481 S.W.2d 427 (Tex.Cr.App.1972). Our courts have held that this protection extends to juveniles in delinquency proceedings. In Garza v. State, 369 S.W.2d 36 (Tex.Cr.App.1963), the juvenile was committed to the Texas Youth Council upon a finding of delinquency; after the juvenile became 17, he was indicted for the same offense for which he had been adjudicated a delinquent. The Court of Criminal Appeals held this violated principles of fundamental fairness and constituted a deprivation of due process under the 14th Amendment. In a similar case, Sawyer v. Hauck, 245 F.Supp. 55, 57 (1965), the United States District Court for the Western District of Texas, San Antonio Division, through Chief Judge Spears, held:

"While the Court of Criminal Appeals of Texas has held that proceedings in Juvenile Court are civil rather than criminal in nature, Garza v. State, (Tex. Cr.App.1963) 369 S.W.2d 36, 39, the constitutional guaranty of fundamental fairness and due process is applicable to all proceedings, irrespective of whether they are denominated criminal or civil, if the outcome may be deprivation of liberty of the person. 'Precious constitutional rights cannot be diminished or whittled away by the device of changing names of tribunals or modifying the nomenclature of legal proceedings. The test must be the nature and the essence of the proceeding rather than its title. If the result may be a loss of personal liberty, the constitutional safeguards apply'. United States v. Dickerson, D.D.C.1958, 168 F. Supp. 899, reversed on other grounds, 106 U.S.App.D.C. 221, 271 F.2d 487.

"A juvenile cannot 'be adjudged a delinquent child and held in custody as such, and, without regard to how he may respond to the guidance and control afforded him under the [Texas] Juvenile Act, be indicted, tried and convicted of the identical offense after he reaches the age of 17.' Garza v. State, (Tex.Cr. App.1963) 369 S.W.2d 36, 39.

"Since the indictments, trials and convictions in causes Nos. S-61553 and S-61554 were for the same acts and offenses for which petitioner had been previously adjudged a delinquent child and confined in the Gatesville State School for Boys, they violated fundamental fairness and constituted a deprivation of due process under the Fourteenth Amendment to the Constitution of the United States."

Subsequently, in Collins v. State, 429 S. W.2d 650 (Tex.Civ.App.-Houston, 14th, 1968, no writ hist.), the State after a nonsuit had been granted in a juvenile delinquency proceeding but before entry of an order of dismissal, attempted to file an amended petition and the defendant asserted plea of former jeopardy. Holding that the trial and conviction of the juvenile after a non-suit had been filed constituted a violation of his constitutional protection against double jeopardy, the Court of Civil Appeals, through Chief Justice Tunks, said at page 652:

"A juvenile delinquency trial is a civil proceeding conducted in accordance with the Texas Rules of Civil Procedure except insofar as special statutes are applicable. Steed v. State, 143 Tex. 82, 183 S.W.2d 458; Gamble v. State, Tex.Cr. App., 405 S.W.2d 384; Art. 2338-18, Sec. 18, Vernon's Ann.Tex.Civ.St. However, since it is a proceeding which seeks to deprive the defendant of his liberty, the defendant is guaranteed all of the privileges and immunities which he would have if it were a criminal proceeding. In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527. Among those rights is the right to be tried in accordance with due process, including the immunity from twice being placed in jeopardy for the same offense. Sawyer v. Hauck, D.C., 245 F.Supp. 55; Garza v. State (Tex.Cr.App.), 369 S.W.2d 36; Art. 1, Sec. 14, Constitution of the State of Texas, Vernon's Ann.; Art. 1.10, Texas Code of Criminal Procedure, Vernon's Ann."

■ We are not convinced that the legislature in enacting Article 2338-1, V.A. T.S., intended to give the State a right of appeal from an order adjudicating a juvenile to be a delinquent. In view of the constitutional requirements of fundamental fairness and due process, we cannot, in the absence of an express legislative expression, presume such an intent. United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L. Ed. 445 (1891). We note in this respect under Section 56.01, V.T.C.A. of the new Title 3, Texas Family Code, effective September 1, 1973, the right of appeal is limited to the juvenile.

■ Nor are we persuaded that the trial court's action in directing a verdict of dismissal at the close of the State's case affords the State any right of appellate review. In United States v. Sanges, supra, Mr. Justice Gray, quoting from State v. Jones, 7 Ga. 422–425, explained the scope of the constitutional protection thus:

" 'The rule seems to be well settled in England, that in criminal cases a new trial is not grantable to the Crown after verdict of acquittal, even though the acquittal be founded on the misdirection of the judge. This is the general rule, and obtains in the states of our Union. It excludes a rehearing after acquittal upon errors of law, and therefore, it would seem, denies also a rehearing upon judgments of the court upon questions of law, even when the jury have not passed upon the guilt or innocence of the prisoner. If the effect of the judgment is a discharge, there can be no rehearing, either by new trial or writ of error. . . .' "

Continuing, Mr. Justice Gray said:

" 'The common-law maxim, and the constitution are founded in the *humanity* of the law, and in a jealous watchfulness over the rights of the citizen, when brought in unequal contest with the state. It is, doubtless, *in the spirit* of this benign rule of the common law, embodied in the Federal Constitution,—a

spirit of liberty and justice, tempered with mercy,—that, in several of the states of this Union, in criminal causes a writ of error has been denied to the state.' "

We hold that the State did not have right of appeal from the trial court's order of dismissal. We, therefore, do not have jurisdiction.

The appeal is dismissed for want of jurisdiction.