**David STOCKTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 5306.**

Court of Civil Appeals of Texas,
Waco.

Feb. 14, 1974.

Don W. Cantrell, Gatesville, for appellant.

J. Albert Dickie, Gatesville, for appellee.

HALL, Justice.

The facts are without dispute. On October 5, 1973, a petition was filed by appellee in which it sought an adjudication by the Juvenile Court of Coryell County that appellant "engaged in delinquent conduct or conduct indicating a need for supervision." No hearing or adjudication has been held or made on this petition. On October 17, 1973, appellee filed another petition in which it asked the Juvenile Court to waive its jurisdiction and transfer the case to the proper criminal court for trial. After a hearing thereon, over appellant's objection, on October 17, 1973, the Juvenile Court waived jurisdiction and ordered the case transferred to the criminal court. Both petitions and the transfer order are founded on the same three felony offenses allegedly committed by appellant on October 2, 1973, when he was 16 years of age.

In his single point of error, appellant asserts the order of transfer is void. He relies upon that portion of Section 53.04, V. T.C.A. Family Code [1] which authorizes the State, when the circumstances warrant it, to file "a petition for an adjudication or transfer hearing of a child alleged to have engaged in delinquent conduct or conduct indicating a need for supervision"; and paragraph (c) of Article 30, Vernon's Ann.Penal Code of 1925, which, at the time in question, provided: "A person who has been alleged in a petition for an adjudication hearing to have engaged in delin-

---

1. Acts 1973, 63rd Leg., p. 1460, Ch. 544, Sec. 1, eff. Sept. 1, 1973.

quent conduct or conduct indicating a need for supervision may not be prosecuted for or convicted of any offense alleged in the juvenile court petition or any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the juvenile court proceedings." [2] He argues that because the State based its petition for an adjudication of delinquent conduct and its petition for transfer on the same criminal offenses, Section 53.04 of the Family Code and Article 30 of the Penal Code put the State to an election of filing one or the other of the petitions and prohibited the filing of the petition for transfer *after* the petition for adjudication; and that the hearing and the order on the petition for transfer are therefore void.

■ We find nothing in the Family Code or the Penal Code which prohibits the filing of a petition for transfer, or a hearing thereon, or an order granting the petition, merely because a petition for adjudication was first filed. To the contrary, Sec. 54.02 of the Family Code expressly authorizes the Juvenile Court to waive jurisdiction and transfer a child to the appropriate criminal court for trial if the child was 15 years of age or older at the time he is alleged to have committed a felony offense and "[*if*] *no adjudication hearing has been conducted concerning that offense,*" provided the Court determines, as it did here, that the welfare of the community requires criminal proceedings. And that portion of Article 30 of the Penal Code relied upon by appellant, when applicable in a case, simply provides a basis for a plea of former jeopardy at the criminal proceeding. *See* Garza v. State (Tex.Cr.App.1963), 369 S.W.2d 36, 39; Collins v. State (14th Tex.Civ.App. 1968, no writ hist.), 429 S.W.2d 650, 652. Former jeopardy is an affirmative defense. It must be specially pleaded and proved by the defendant in a criminal prosecution, else it is waived. Galloway v. State (Tex.

Cr.App.1967), 420 S.W.2d 721, 723; Ex parte Sawyer (Tex.Cr.App.1965), 386 S. W.2d 275, 280. We cannot know that appellant will claim this defense if it is available to him on his criminal trial; and we perceive several reasons why he or another juvenile similarly situated might choose not to do so. For example, preliminary bargaining might gain him a disposition in the criminal court which is preferable to that obtained or likely in the juvenile court under Sec. 54.04 of the Family Code. In any event, the plea is not before us.

The judgment is affirmed.

2. Acts 1973, 63rd Leg., p. 1484, Ch. 544, Sec. 2, eff. Sept. 1, 1973.