**In re W. R. M.**

**No. 4857.**

Court of Civil Appeals of Texas, Eastland.

Feb. 19, 1976.

Rehearing Denied March 11, 1976.

James A. Johnston, Johnston & Dixon, Dallas, for appellant.

Maridell J. Templeton, Asst. Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

This case involves waiver of jurisdiction by a juvenile court and transfer of a child to the appropriate court for criminal proceedings. V.T.C.A., Family Code, § 54.02.[1]

The State filed a petition seeking discretionary transfer of appellant, W. R. M., to the appropriate criminal court for prosecution as an adult, alleging that appellant murdered Jimmy Dan Feemster in the course of an aggravated robbery and attempted to murder Sandra Whalen by shooting her at the time of the robbery. The juvenile court entered an order waiving jurisdiction and transferring appellant for criminal proceedings. The child has appealed. We affirm.

Appellant first argues the juvenile court committed reversible error by not ordering the prosecuting attorney to permit appellant's attorney to inspect the "prosecution report" contained in the prosecuting attorney's file. Appellant contends Section 51.14(a)[2] gives his attorney an absolute

---

1. All statutory references, unless otherwise noted, are to sections in the Family Code.

2. § 51.14. Files and Records

(a) All files and records of a juvenile court, a clerk of court, or a prosecuting attorney relating to a child who is a party to a proceeding under this title are open to inspection only by:

(1) the judge, probation officers, and professional staff or consultants of the juvenile court;

(2) an attorney for a party to the proceeding;

(3) a public or private agency or institution providing supervision of the child by arrangement of the juvenile court, or having

right to inspect the report. We disagree. Section 51.14 is not a discovery provision. It is clearly designed to preserve the traditional confidentiality of files and records concerning juvenile proceedings. Texas Family Code Symposium, 5 Tex.Tech.L.Rev. 533 (1974). Although the report in question is not contained in the record, it is apparent it is a written communication passing between agents or representatives or employees of the State, which was made subsequent to the occurrence in question, and in connection with the prosecution of appellant. The report under the circumstances reflected in the record would be exempt from discovery under either Rule 167, T.R. C.P., or Article 39.14, Vernon's Ann.C.C.P. Section 51.14 places limitations on public access to files and records concerning juveniles. It does not grant a child's attorney the right to inspect the work product of the State. Appellant's point is overruled.

■ Appellant next argues the court erred in failing to obtain a full investigation into the circumstances of the alleged offense. Section 54.02 provides:

"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision . . ."

The trial court entered an order pursuant to Section 54.02. John Gee, a probation officer, was delegated the responsibility of providing the court with a complete diagnostic study, social evaluation and full investigation of the child, and the circumstances of the offense. He caused a diagnostic study to be made by a psychologist. The court also ordered a psychiatric examination. The psychologist and psychiatrist each prepared full reports. The probation officer made a social evaluation through personal investigation and discussion with appellant, his parents, and previous probation officers. His investigation into the alleged offense consisted primarily of reviewing the prosecution and offense reports of the Dallas Police Department. The case summary prepared by the probation officer covered the personal history of appellant, his referrals to the juvenile department, and information on the incident in question. The information regarding the incident in question was deleted from the probation officer's report at the request of appellant.

At the hearing, Lloyd G. Ritchie, a member of the Dallas Police Department, testified that he investigated the death of Jimmy Dan Feemster and the attempted murder of Sandra Whalen. He interviewed Sandra Whalen and learned that the murder of Feemster and the attempted murder of Sandra Whalen occurred during a robbery. He testified a handgun was used. Ritchie stated he spoke with a witness who drove appellant to the scene where the robbery, murder, and attempted murder took place. He testified a handgun was recovered when appellant was arrested and the driver's license of the deceased was recovered from appellant. He stated he had not read the prosecution or offense reports. The probation officer, John Gee, testified and recommended that appellant be treated as an adult.

The thrust of appellant's complaint is that the investigation reports prepared by the law enforcement officers were not seen or reviewed by the court. He argues there

custody of the child under juvenile court order; or

(4) with leave of juvenile court, any other person, agency, or institution having a legit-

imate interest in the proceeding or in the work of the court.

was no "full investigation" as required by the statute. We overrule appellant's contention and hold that the investigation complied with the statute.

■ Appellant next attacks the order entered by the court, and says it contains improper conclusions as to the reasons for waiver.

Section 54.02(h) provides:

"If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings . . ."

Section 54.02(f) provides:

"In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."

At the conclusion of the hearing, the court in the instant case stated:

"It is the finding of this Court that the offense alleged here is certainly an offense against a person. I believe the testimony is uncontroverted in that regard.

Also, the Court finds that one person having been deceased and the other one having been injured by gunshot, that that is indicative of aggressive and premeditative manner in which the offense was committed.

The Court further finds that the testimony shows that the injured individual has made a personal identification by virtue of a photograph of the child in question. That, coupled with the balance of the testimony, the rest of the testimony as shown here today, would lead this Court to believe it could reasonably be expected that an indictment would be returned by a grand jury.

The Court further finds that (W. R. M.) herein had sufficient knowledge and sophistication to properly aid his attorney in his defense and also has been under supervision of this Court, the Juvenile Department, since about March 1972, for one cause or another; three prior incidents were of a felony nature, not including the one that's made the basis of this hearing and that he has a record of previous offenses which lead this Court to believe that he has sufficient sophistication and maturity to understand the consequences of his acts.

The Court further finds that the prospect of adequate protection to the public is very slim, if not non-existent, under the jurisdiction of the Juvenile Court, in that this young man has already been sent to the custody of the Texas Youth Council, based on prior offenses, and that the general circumstances to protect the public and the facilities currently available to the Court are inadequate for proper protection to the public, and that the likelihood of rehabilitation under the facilities available to the present juvenile system are not adequate.

The Court, therefore, waives jurisdiction and will have the matter transferred to the appropriate District Court for further proceedings."

The order entered provides:

"The Court finds that said act or acts would be felonies under the penal laws of the State of Texas if committed by an adult. The Court finds that the alleged offenses are against Persons. The Court finds that the alleged offense was committed in a premeditated and aggressive manner.

The Court finds that there is evidence upon which the Grand Jury may be expected to return an indictment regardless of the youthful age of the said (W. R. M.)

The Court finds that the child is of sufficient sophistication and maturity to be tried as an adult. The Court specifically finds that the child is of sufficient sophistication and maturity to aid an attorney in his defense.

The Court finds that because of the record and previous history of the child and because of the extreme and severe nature of the crime, the prospects of adequate protection for the public and the likelihood of reasonable rehabilitation of the child by the use of the procedures, services and facilities currently available to the Juvenile Court are in serious doubt.

The Court after diagnostic study, social evaluation and full investigation, finds that it is contrary to the best interest of said child and the public to retain jurisdiction.

The Court finds that because of the seriousness of the offense and the background of the child, the welfare of the community requires criminal proceedings."

We hold that appellant has failed to show reversible error. *In Re J. R. C.,* 522 S.W.2d 579 (Tex.Civ.App.—Texarkana 1975, writ ref. n. r. e.) relied upon by appellant is distinguishable. In that case, the order failed to disclose that the court had considered the matters listed in 54.02(f), and also failed to state specific reasons for waiver as required by 54.02(h). In the instant case, the order discloses that the matters listed in Subsection (f) were considered, and the order states specific reasons for waiver. The fact that some of the recitations constitute conclusions does not require a reversal of the court's order.

■ Appellant urges that the court erred in conducting the transfer hearing when a petition for adjudication was also on file. On April 23, 1975, a petition was filed in the juvenile court alleging that appellant was a child engaged in delinquent conduct. The petition was not dismissed. On April 23, 1975, the State also filed a petition for discretionary transfer to a criminal district court. The State elected to proceed on this petition.

Section 53.04(a) provides:

"If the preliminary investigation, required by Section 53.01 of this code results in a determination that further proceedings are authorized and warranted, a petition for an adjudication or transfer hearing of a child alleged to have engaged in delinquent conduct or conduct indicating a need for supervision may be made as promptly as practicable by a prosecuting attorney who has knowledge of the facts alleged or is informed and believes that they are true."

Appellant argues this section requires the State to make an election before it files its pleadings as to the type of proceeding it wishes to pursue. We think this issue was correctly decided adversely to appellant's position in *Stockton v. State,* 506 S.W.2d 918 (Tex.Civ.App.—Waco 1974, no writ) wherein the court said:

"We find nothing in the Family Code or the Penal Code which prohibits the filing of a petition for transfer, or a hearing thereon, or an order granting the petition, merely because a petition for adjudication was first filed. To the contrary, Sec. 54.02 of the Family Code expressly authorizes the Juvenile Court to waive jurisdiction and transfer a child to the appropriate criminal court for trial if the child was 15 years of age or older at the time he is alleged to have committed a

felony offense and '(if) no adjudication hearing has been conducted concerning that offense,' provided the Court determines, as it did here, that the welfare of the community requires criminal proceedings. And that portion of Article 30 of the Penal Code relied upon by appellant, when applicable in a case, simply provides a basis for a plea of former jeopardy at the criminal proceeding. See *Garza v. State* (Tex.Cr.App.1963), 369 S.W.2d 36, 39; *Collins v. State* (14th Tex.Civ.App. 1968, no writ hist.), 429 S.W.2d 650, 652. Former jeopardy is an affirmative defense. It must be specially pleaded and proved by the defendant in a criminal prosecution, else it is waived. *Galloway v. State* (Tex.Cr.App.1967), 420 S.W.2d 721, 723; *Ex parte Sawyer* (Tex.Cr.App. 1965), 386 S.W.2d 275, 280."

See 1975 amendment to V.T.C.A., Penal Code, § 8.07, regarding former jeopardy.

Appellant asserts that Section 54.02, providing for waiver of jurisdiction and transfer to criminal court, violates Article III, Section 35, of the Texas Constitution, that no bill shall contain a subject not expressed in its title. The caption of Title 3 of the Texas Family Code provides:

"An Act adopting Title 3 of the Family Code, *relating to delinquent children,* children in need of supervision, and children with mental illness, retardation, disease, or defect; *providing procedures for courts,* officers and other persons, and agencies and institutions, *dealing with such children*; placing limitations on public access to hearings and records concerning juveniles; containing other provisions for their protection, care, or rehabilitation; amending Article 30, Penal Code of Texas, 1925, as amended, to conform with Title 3; . . ." (emphasis added)

Our Supreme Court in *Robinson v. Hill,* 507 S.W.2d 521 (Tex.1974) said:

"Both the constitutional provision and the questioned statute are to be liberally construed in favor of constitutionality . . Art. III, Sec. 35, requires only that the

title state the general subject; it need not explain the details . . ."

The caption adequately stated that the statute contained court procedures relative to delinquent children. We hold that appellant has failed to show a violation of Article III, Section 35, of the Texas Constitution.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.