**Ricky Lee WELCH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 5549.**

Court of Civil Appeals of Texas, Waco.

May 27, 1976.

Rehearing Denied June 24, 1976.

Hall, Terrell & Kettler, James O. Terrell, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., and Robert W. Pearson, Asst. Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Ricky Lee Welch from a waiver of jurisdiction by the 19th District Court (sitting as a Juvenile Court), in a cause involving Welch, and transferring the cause to the District Court of McLennan County exercising criminal jurisdiction.

The District Attorney of McLennan County on September 30, 1975 filed a petition in the 19th District Court (sitting as a Juvenile Court) alleging that Ricky Lee Welch is a male child 16 years old; resides with his mother Mrs. Flora Welch in Waco, Texas; that he has engaged in delinquent conduct within the provisions of title 3 of the Family Code; that the interests of the public and the child require the court to

take formal jurisdiction of the child for the reason that on September 7, 1975 he committed theft from Robert Lynn Harlan by using a hand gun, and threatened Harlan and placed him in fear of bodily injury in violation of Section 29.03 of the Penal Code. The petition prayed the Court conduct proceedings and enter orders as for the best interests of the child and for the protection of the public.

On the same date the District Attorney filed motion with the same court for Discretionary Transfer of the case to a Criminal District Court. Such motion alleged: that after complete diagnostic study, social evaluation and a full investigation of the child, his circumstances, and the circumstances of the alleged offenses, that because of the seriousness of the offense, the welfare of the community requires that the Juvenile Court waive its jurisdiction and transfer Welch to a Criminal District Court.

After hearing on October 7, 1975 the Juvenile Court entered an order finding: 1) The appellant is 16 years old, and the parent is Flora Welch; 2) the act allegedly committed by appellant would be felony if committed by an adult; 3) the alleged offenses were against both person and property; 4) the alleged offense was committed in a premeditated aggressive manner; 5) there is evidence upon which the Grand Jury may be expected to return an indictment regardless of the youthful age of Welch; 6) Welch is of sufficient sophistication and maturity to be tried as an adult, and of sufficient sophistication and maturity to aid an attorney in his defense; 7) because of the record and previous history of Welch and the extreme and severe nature of the alleged crime, the prospect of adequate protection for the public and the likelihood of reasonable rehabilitation of the child by use of the facilities of the Juvenile Court are in serious doubt; 8) that it is contrary to the best interest of the child and the public to retain jurisdiction; and because of the seriousness of the alleged offense and the background of the child, the welfare of the community requires criminal proceedings.

The order then waived jurisdiction of the Juvenile Court and transferred the child to the Criminal District Court of McLennan County for proper criminal proceedings.

Appellant appeals on 3 points of error:
1) "The petition is fatally defective in that it does not state that it is a petition for adjudication on transfer hearing.
2) "It was error for the trial court to refuse to enter findings as to the voluntariness of the confession. It deprived appellant due process of law of his statutory rights. It destroyed the essential fact-finding ability of the court.
3) "In view of the totality of the circumstances, the Miranda warnings given appellant were inadequate and thus the confession relied on by appellees was illegally obtained and wrongfully admitted as evidence because the 16 year-old juvenile did not make an intelligent and knowing waiver of his rights."

Appellant's 1st point asserts the petition is fatally defective in that it does not state that it is a petition for adjudication on transfer hearing.

Appellee State of Texas filed a petition on September 30, 1975 alleging appellant "engaged in delinquent conduct", and that he had committed theft of money from Robert Lynn Harlan by using a hand gun; and then prayed the Court to enter such orders as the Court may deem to be for the best interest of the child and for the protection of the public.

On the same date appellee filed what it called "Motion for Discretionary Transfer to a Criminal District Court". This instrument contained all requisites for a petition to transfer, and clearly informed appellant of the purpose of the hearing and what appellee was seeking. The fact that it was called a "Motion" to transfer rather than a "Petition" to transfer is of no consequence. Aside from the fact that the instrument here was labelled a "Motion" to transfer, rather than a "Petition" to transfer, this case involves the same procedure sanctioned

by this Court in *Stockton v. State*, (Tex.Civ. App., Waco) NWH, 506 S.W.2d 918.

■ Appellant's 2nd point asserts it was error for the trial court to refuse to enter findings as to the voluntariness of the confession; deprived appellant due process of law of his statutory rights; and destroyed the essential fact finding ability of the Court.

Appellee offered the confession of appellant in evidence. Appellant objected to its admission on the ground that, "The State has yet to sustain their burden that this Statement was voluntarily given". The trial court overruled the objection and received the confession into evidence. After trial appellant requested the court to file Findings of Fact and Conclusions of Law. The trial court filed its Findings of Fact summarized in footnote below [1]; but nowhere addressed itself to the confession. Appellant contends under his point that: 1) he was entitled to a full hearing as to the voluntariness of the confession before it was admitted into evidence; 2) that he was entitled to have the trial court make specific findings on the voluntariness of the confession as a result of his original request for Findings of Fact.

The record reflects that the provisions of Section 51.09(b) [2] of the Family Code were fully complied with; that Judge Joe Johnson gave appellant all of the required warnings, and that the confession was admitted into evidence.

1. 1) Ricky Lee Welch is a male child born 31 December, 1958.
   2) He was 16 years old at time acts are alleged to have occurred.
   3) No adjudication hearing has been conducted concerning such acts.
   4) The parent of Ricky Lee Welch is Flora Welch of 1100 N 6th, Apt. VI, Waco, Texas.
   5) The acts would be felonies under Texas law if committed by an adult, towit: Aggravated Robbery Section 29.03 Penal Code.
   6) The acts occurred in McLennan County.
   7) The alleged offenses are against both person and property, towit: On 7 September, 1975 said child took property from Robert Lynn Harlan, by use of a hand gun.
   8) The alleged offense was committed in a premeditated and aggressive manner, towit: Robbery was planned and executed by use of a hand gun.
   9) There is evidence upon which the Grand Jury may be expected to return an indictment regardless of the youthful age of Ricky Lee Welch.
   10) Ricky Lee Welch is of sufficient sophistication and maturity to be tried as an adult.
   11) Ricky Lee Welch is of sufficient sophistication and maturity to aid an attorney in his defense.
   12) Because of the record and previous history of Ricky Lee Welch and the extreme and severe nature of the alleged crime, rehabilitation by use of the procedures of the Juvenile Court is in serious doubt.

2. The statement of the child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:
   1) When the child is in a detention facility or other place of confinement or in the custody of an officer, the statement is made in writing and the statement shows that the child has at some time prior to the making thereof received from a magistrate a warning that:
   (A) he may remain silent and not make any statement at all and that any statement he makes may be used in evidence against him;
   (B) he has the right to have an attorney present to advise him either prior to any questioning or during the questioning;
   (C) if he is unable to employ an attorney, he has the right to have an attorney to counsel with him prior to or during any interviews with peace officers or attorneys representing the state;
   (D) he has the right to terminate the interview at any time;
   (E) if he is 15 years of age or older at the time of the violation of a penal law of the grade of felony the juvenile court may waive its jurisdiction and he may be tried as an adult; and
   (F) the statement must be signed in the presence of a magistrate by the child with no law enforcement officer or prosecuting attorney present. The magistrate must be fully convinced that the child understands the nature and contents of the statement and that the child is signing the same voluntarily. If such a statement is taken, the magistrate shall sign a written statement verifying the foregoing requisites have been met.
   The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate who must certify that he has examined the child independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived these rights.

Appellee introduced evidence that the confession was voluntary. Appellant presented no evidence that it was not voluntary. The record sustains an implied finding that the confession was voluntary.

 Appellant after the trial court made its Findings of Fact made no request for additional findings as to the voluntariness of the confession and has waived any complaint. TRCP 298.

Appellant's 3rd point asserts in view of the totality of the circumstances, the Miranda warnings given appellant were inadequate and thus the confession was illegally obtained and wrongfully admitted because the juvenile did not make an intelligent and knowing waiver of his rights.

"Totality of the circumstance" is to be examined to determine if a confession is voluntary. *Beecher v. Alabama*, 389 U.S. 35, 88 S.Ct. 189, 19 L.Ed.2d 35. It is undisputed that 1) Appellant is 16 years old; 2) He had a tested IQ of 80; 3) Appellant had been handled on 9 occasions prior to the alleged aggravated robbery; 4) Appellant was placed on unofficial probation February 2, 1970; 5) Appellant was adjudicated delinquent on February 11, 1971 and put on official probation; 6) Appellant was brought before the court on September 15, 1971 to revoke probation, but the court continued his probation; 7) Appellant was found guilty of additional charges on August 10, 1972 and placed on probation with his father in Dallas; 8) Appellant was found guilty of additional charges July 11, 1974 and committed to the Texas Youth Council; 9) Appellant was paroled from the Texas Youth Council February 28, 1975; 10) Appellant was detained by the police from 4:30 P.M. to 10:30 P.M. on date of confession; 11) Appellant and his mother were given warnings required by Texas Family Code by Judge Johnson prior to talking to the police; 12) Appellant was again given such warnings prior to signing the confession; 13) The Magistrate certified he examined appellant independently, without the presence of any law enforcement officer and was convinced appellant understood the nature and contents of the state-ment, and that appellant knowingly, intelligently and voluntarily waived his rights prior to and during the making of the statement.

We think under the totality of the circumstances the Miranda warnings given appellant were adequate, and the confession was legally obtained, and properly admitted into evidence.

Moreover, Exhibit 1, the Social History of Appellant was admitted into evidence without objection, and contains similar information to that contained in appellant's confession.

All appellant's points are overruled.

AFFIRMED.