**STATE of Texas, Appellant,**

v.

**L——— J——— B———, Appellee.**

No. 19392.

Court of Civil Appeals of Texas, Dallas.

Dec. 30, 1977.

Rehearing Denied Jan. 26, 1978.

Henry Wade, Dist. Atty., Maridell Templeton and John Tatum, Asst. Dist. Attys., Dallas, for appellant.

Maxine T. McConnell, John A. Dennis, Dallas, for appellee.

AKIN, Justice.

The principal question on this appeal is whether the State can appeal from a summary judgment dismissing with prejudice the State's petition in a juvenile delinquency proceeding. We hold that the State can appeal in this situation. We also hold that the summary judgment procedure is not permissible in a proceeding to ascertain whether a juvenile is in need of supervision, or whether the juvenile has engaged in delinquent conduct. Accordingly, we reverse and remand.

The State filed its petition alleging that the juvenile engaged in delinquent conduct by committing a theft in violation of § 31.03 of the Texas Penal Code (Vernon 1974) and, accordingly, was a juvenile in need of rehabilitation. The juvenile filed a motion for

summary judgment supported by his affidavit that he had not passed the check-out counter in the retail store when he was apprehended, nor had he left the store before he was detained. The State failed to respond and the court granted summary judgment for the juvenile, dismissing the State's petition with prejudice. The State appeals.

### The Summary Judgment

■ The State argues that the summary judgment is erroneous because the juvenile was an interested witness, whose affidavit with respect to his intent raises no more than a fact issue and does not establish as a matter of law that he did not intend to deprive the owner of the property. We agree that the affidavit does not establish that the juvenile did not knowingly and intentionally appropriate the property to his own use. We conclude, therefore, that the affidavit raised no more than a fact issue and that the summary judgment was erroneously granted. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

■ We hold, moreover, that the summary judgment procedure under Tex.R. Civ.P. 166–A is inapplicable to a proceeding under Title 3 of the Texas Family Code pertaining to delinquent juveniles in need of supervision or rehabilitation. In our view, the legislative intent in enacting Title 3 of the Family Code was to protect juveniles from the taint of criminality and to treat and rehabilitate them. Section 51.01 states:

This title *shall* be construed to effectuate the following public purposes:

(1) to provide for the *care*, the *protection*, and the wholesome moral, mental and physical development of children coming within its provisions;

.   .   .   .   .

(3) consistent with the protection of the public interest, *to remove from children committing unlawful acts the taint of criminality* and the *consequences of criminal behavior and to substitute a program of treatment, training, and rehabilitation* ;

.   .   .   .   .

(5) to provide a simple judicial procedure through which the provisions of this title are executed and enforced and *in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.* [Emphasis added]

Whether a juvenile has engaged in delinquent conduct and consequently is in need of supervision or rehabilitation cannot be adequately determined by affidavits. The hearings required by § 54.01 (detention hearing), § 54.03 (adjudication hearing), § 54.04 (disposition hearing) and, § 54.05 (hearing to modify disposition) all necessitate an evidentiary hearing with witnesses present so that all parties, including the court, can ascertain the best interest of the juvenile. To hold that the summary judgment procedure is appropriate under Title 3 would be to frustrate the very purpose of the act.

■ Our holding that Rule 166–A is inapplicable to juvenile delinquency proceedings is supported by the long-held principle that it is a court's function to determine the intent of the legislature from the circumstances of the enactment of the statute and to give effect to that legislative intent. Tex.Rev.Civ.Stat.Ann. art. 10(6) (Vernon 1969). *Calvert v. British-American Oil Producing Co.*, 397 S.W.2d 839, 842 (Tex.1965); *Texas & N.O. R. Co. v. Railroad Commission*, 145 Tex. 541, 200 S.W.2d 626, 629 (1947); *State v. Dyer*, 145 Tex. 586, 200 S.W.2d 813, 815 (1947); *Houchins v. Plainos*, 130 Tex. 413, 110 S.W.2d 549, 554 (1937).

### Right to Appeal

■ Our question, then, is whether the State has a right to appeal the erroneous summary judgment. The juvenile asserts that this court has no jurisdiction to hear this appeal because the State has no right of appeal in a juvenile delinquency case. In support of this argument, he points to Article V, § 26 of the Texas Constitution (Vernon 1955) which denies the state a right of appeal in a criminal case. We cannot agree

with this contention because both the supreme court and the court of criminal appeals have held that the proceedings in a juvenile case are not criminal in nature but rather a civil proceeding by the state of its power of parens patriae. *Dendy v. Wilson*, 142 Tex. 460, 179 S.W.2d 269, 273 (1944); *Ex parte Bartee*, 76 Tex.Cr. 285, 174 S.W. 1051, 1053 (1915).

The right of appeal in civil cases generally is derived from Article V, § 6 of the Texas Constitution (Vernon 1955), Tex.Rev. Civ.Stat.Ann. art. 1819 (Vernon 1955), and Tex.Rev.Civ.Stat.Ann. art. 2249 (Vernon 1971). Article V, § 6 of the Texas Constitution provides that the court of civil appeals shall have appellate jurisdiction "to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Acting upon this constitutional provision, the legislature enacted article 1819, which provides that the court of civil appeals shall have appellate jurisdiction of all civil cases where the amount in controversy or the judgment rendered shall exceed one hundred dollars. The legislature also promulgated article 2249, which provides that "an appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases." Included with the ambit of these statutes are cases appealed from the juvenile courts. Section 56.01(a) of the family code also specifically provides for an appeal to this court, as in other civil cases, and § 56.01(b) states that the rules governing an appeal are as in civil cases generally. Indeed, the court of criminal appeals has twice held that an appeal in juvenile cases lies with the court of civil appeals and not with the court of criminal appeals. *Dillard v. State*, 477 S.W.2d 547, 550 (Tex.Cr.App.—1971); *Dillard v. State*, 479 S.W.2d 304, 305 (Tex.Cr.App.—1972). These provisions for appeal to the court of civil appeals, which has civil jurisdiction only, rather than to the court of criminal appeals, is a clear indication of legislative intent that juvenile cases should be considered civil cases for the purpose of appeal.

■ We recognize that certain aspects of both federal and state constitutions pertaining to criminal cases also apply to juvenile proceedings. For example, the United States Supreme Court in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that juvenile delinquency hearings must comply with due process and fair treatment under the 5th, 6th and 14th Amendments to the United States Constitution with respect to notice of proceedings and specificity of charges, the right to counsel, the privilege against self-incrimination, as well as the right of confrontation of witnesses against him and sworn testimony by witnesses available for cross-examination. All of the requirements of *In re Gault* are delineated in the Texas Family Code. On the other hand, it has been held that a juvenile is not deprived of due process and equal protection by virtue of the fact that the only evidence against him was the uncorroborated testimony of an accomplice, even though the testimony would not be sufficient under Texas law to convict an adult. *In the Matter of S. J. C.*, 533 S.W.2d 746 (Tex.1976). Also, this court has held that where Section 51.04(b) of the Texas Family Code permits the juvenile board to designate either the county or district court as the juvenile court in certain counties, a six-man jury does not contravene the United States Constitution or the Texas Constitution. *Matter of A_____ N_____ M_____*, 542 S.W.2d 916 (Tex.Civ.App.— Dallas 1976, no writ). Although the family code requires that trial shall be by jury, unless waived, Tex.Fam.Code § 54.03(c) (1976), the United States Supreme Court in *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) held that trial by jury is not constitutionally required in a hearing to adjudicate a juvenile delinquent. After considering these authorities, we conclude that although juvenile delinquency cases have some of the aspects of criminal cases insofar as the proceeding threatens a deprivation of the juvenile's liberty, they are, nevertheless, civil cases to which the constitutional prohibition of appeals by the state has no application.

■ . Appellee argues that because § 56.01 gives the juvenile the right to appeal in specified situations and because the state is not specifically given the right to appeal by this section, the state has no right to appeal. We do not construe the lack of a specific provision for an appeal by the state in this section, to negate the general right of appeal from all final judgments provided by article 2249. An order dismissing the entire cause, as the present order does, is a final judgment for the purpose of appeal. *First Nat'l Bank v. Fox,* 121 Tex. 7, 39 S.W.2d 1085 (1931).

In support of this contention, he cites *Collins v. State,* 429 S.W.2d 650 (Tex.Civ. App.—Houston [14th Dist.] 1968, no writ) and *State v. Marshall,* 503 S.W.2d 875 (Tex. Civ.App.—Houston [1st Dist.] 1973, no writ). We do not regard these cases as controlling on this point because both decisions were grounded upon the principle of double jeopardy rather than on the constitutional prohibition against appeal by the state in criminal cases. In *Collins,* the court held that where an evidentiary hearing was commenced and the state non-suited and later refiled another petition, the juvenile was placed in double jeopardy for the same offense in contravention of the due process clause in the 5th Amendment to the United States Constitution, citing *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The *Collins* court did not, however, hold that a juvenile proceeding was a criminal proceeding for all purposes under state law. Indeed, that court stated that such a proceeding is civil in nature and that the rules of civil procedure apply except insofar as special statutes are applicable.

*State v. Marshall, supra,* is similarly distinguishable. In that case, the trial court granted a directed verdict of dismissal, after an evidentiary hearing, on the ground that the state's evidence was insufficient as a matter of law, and the state attempted an appeal. The *Marshall* court held that the state had no right of appeal in that case because the juvenile would be placed in double jeopardy in contravention of Article I, § 14 of the Texas Constitution as well as the 5th Amendment to the federal constitu-

tion. In so holding, the court noted that although a juvenile proceeding is civil in nature, the constitutional guarantee of due process is applicable to all proceedings, whether civil or criminal, if the outcome may result in deprivation of a person's liberty. *Id.* 503 S.W.2d 876. Unlike *Marshall,* the appellee here has not been placed in jeopardy by the hearing of his motion for summary judgment, since, at the close of that hearing the court could not have granted judgment to the State. *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 1451, 18 L.Ed.2d 527 (1967). Neither would he have been placed in jeopardy had the trial court denied the motion.

Reversed and remanded.