v.

**STATE of Texas, Appellee.**

**No. 12–83–0093–CV.**

Court of Appeals of Texas, Tyler.

Aug. 30, 1984.

Barbara A. Bailey, William D. King, Juvenile Public Defender, Austin, for appellant.

Carla Garcia, Asst. Dist. Atty., Austin, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order rendered by the juvenile court in a second adjudicatory hearing (held after a motion for new trial based on insufficiency of evidence was granted), wherein the court denied a plea of double jeopardy and for the second time adjudged appellant to be a child in need of supervision.

On April 15, 1981, a petition was filed in the Juvenile Court of Travis County, Texas, alleging that appellant A.R., a child over the age of ten years and under the age of seventeen years, had been voluntarily absent without excuse from school on ten or more days or parts of days within a six-month period (specifying dates) and asking that by reason thereof the said A.R. be adjudged a child in need of supervision.

After an adjudicatory hearing before the juvenile court referee on May 21, 1981, with A.R., his mother and his attorney present, the juvenile court on May 28, 1981, in its adjudication order, approved the referee's recommendations and adjudged that A.R. did engage in conduct[1] indicating a need for supervision (CINS) within the meaning of Section 51.03 of the Texas Family Code. On June 26, 1981, A.R. filed a motion for new trial urging that no evidence and/or insufficient evidence was presented to prove beyond a reasonable doubt that A.R. is a child in need of supervision. On July 24, 1981, the motion for new trial was heard and granted by the juvenile court.

At a second (CINS) adjudication hearing held on July 31, 1981, A.R. filed a motion to dismiss based on prior jeopardy. He argued that the trial court's holding (i.e., granting the motion for new trial on the ground that there was no evidence or insufficient evidence presented at the first adjudication hearing) barred the State from further prosecution on the same allegations. The trial court denied the motion to dismiss, proceeded with the second adjudication hearing, and at the conclusion thereof, again adjudged that A.R. is a child engaged in conduct indicating a need for supervision.

In a single point of error, A.R. contends that the trial court erred in denying his motion to dismiss based on prior jeopardy because his motion for new trial was granted on the ground that no evidence or insufficient evidence had been introduced by the State at the first adjudicatory hearing.

The record reflects that no evidence and/or insufficient evidence were the only grounds set forth and urged in the motion for new trial. In granting this motion, the court made the following docket entry: "7/24/81 Motion for new trial granted—case set for adjudication 7/31/81" and thereafter, on August 14, 1981, signed the following "Order Nunc Pro Tunc":

Having reviewed the foregoing Motion and the evidence related thereto, said Motion is hereby Granted;

It is, therefore, ORDERED that a Motion for New Trial be granted in this cause as of July 24, 1981.

Signed this the 14th day of August, 1981.

/s/ James F. Dear
Judge Presiding

We conclude that, in granting the motion for new trial, the trial court found that the State's evidence at the first adjudication hearing was insufficient to prove beyond a reasonable doubt that A.R. was a child in need of supervision.

In deciding this appeal, the threshold question is whether the constitutional guarantee prohibiting double jeopardy is applicable to a CINS proceeding in the juvenile court. We hold that it is.

Article 1, Sec. 14 of our Texas Constitution provides: "No person, for the same offense shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense...." The Fifth Amendment to our Federal Constitution contains similar language.

Our constitutional guarantee against twice being put in jeopardy for the same offense is fundamental to our system of justice. *See Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Benard v. State,* 481 S.W.2d 427, 429 (Tex. Cr.App.1972). Texas courts have held that this protection extends to juveniles in delinquency proceedings. *Garza v. State,* 369 S.W.2d 36 (Tex.Cr.App.1963); *Collins v. State,* 429 S.W.2d 650 (Tex.Civ.App.—Hous-

1. Tex.Fam.Code Ann. § 51.03(b)(2) (Vernon Supp.1984). Unless otherwise noted, all refer-

ences to sections are to the sections of the Texas Family Code (Vernon 1975; Vernon Supp.1984).

ton [14th Dist.] 1968, no writ). In *Collins* at page 652, the court held:

> A juvenile delinquency trial is a civil proceeding conducted in accordance with the Texas Rules of Civil Procedure except insofar as special statutes are applicable. *Steed v. State*, 143 Tex. 82, 183 S.W.2d 458; *Gamble v. State*, Tex.Civ. App., 405 S.W.2d 384; Art. 2338–18, Sec. 18, Vernon's Ann.Tex.Civ.St. However, since it is a proceeding which seeks to deprive the defendant of his liberty, the defendant is guaranteed all of the privileges and immunities which he would have if it were a criminal proceeding. *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Among those rights is the right to be tried in accordance with due process, including the immunity from twice being placed in jeopardy for the same offense.

In *Sawyer v. Hauck*, 245 F.Supp. 55, 57 (1965), Chief Judge Spears of the United States District Court for the Western District of Texas, said:

> While the Court of Criminal Appeals of Texas has held that proceedings in Juvenile Court are civil rather than criminal in nature, *Garza v. State*, (Tex.Cr.App. 1963) 369 S.W.2d 36, 39, the constitutional guaranty of fundamental fairness and due process is applicable to all proceedings, irrespective of whether they are denominated criminal or civil, if the outcome may be deprivation of liberty of the person. *'Precious constitutional rights cannot be diminished or whittled away by the device of changing names of tribunals or modifying the nomenclature of legal proceedings.* The test must be the nature and the essence of the proceeding rather than its title. *If the result may be a loss of personal liberty, the constitutional safeguards apply.'* *United States v. Dickerson*, D.D.C.1958, 168 F.Supp. 899, reversed on other grounds, 106 U.S. App.D.C. 221, 271 F.2d 487. (Emphasis added.)

Furthermore, in *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), the Supreme Court of the United States held that the double jeopardy clause of the Fifth Amendment, as applicable to the states through the Fourteenth Amendment, applies to an adjudicatory hearing in juvenile court whose object is to determine whether the juvenile has committed acts of delinquent conduct.

Section 51.03 defines both delinquent conduct and conduct indicating a need for supervision (CINS). An examination of proceedings for the two types of conduct reveals striking similarities. For instance, no disposition for either type of conduct may be made unless the court finds the child is in need of rehabilitation or that the protection of the public or the child requires that disposition be made. Tex.Fam. Code Ann. § 54.04(c) (Vernon 1975). Furthermore, a minor charged under either a CINS or delinquency petition may be placed on probation on such reasonable and lawful terms as the court may determine for a period not to exceed one year, subject to extensions not to exceed one year each, in his own home or in the custody of a relative or other fit person; in a suitable foster home; or in a suitable public or private institution or agency (except the Texas Youth Commission for CINS conduct). In fact, the only additional options available to a court in a delinquency proceeding, as opposed to a CINS proceeding, are that a child engaged in delinquent conduct may be committed to the Texas Youth Commission and/or may be ordered to make full or partial restitution to the victim of the offense. Sections 54.04(d)(1)(C), (D) and 54.04(d)(2) (Vernon Supp.1984). Thus, the potential consequences of a CINS and a delinquency adjudication are substantially similar, including the stigma associated with both proceedings. The consequences in either determination may result in some loss of personal freedom, the difference being largely a matter of degree according to the circumstances of the conduct involved. Moreover, the double jeopardy clause embodied in the Texas and Federal Constitutions should apply in CINS cases as well as juvenile delinquency proceedings. *See In the Interest of R.L.K.*, 67

Ill.App.3d 451, 23 Ill.Dec. 737, 384 N.E.2d 531 (1978).

We accordingly hold that the trial court's action in granting a new trial because of insufficiency of the evidence at the first adjudication hearing barred further prosecution of A.R. in the second adjudication hearing on the same CINS allegations. Appellant's point of error is sustained.

The adjudication order of July 31, 1981, is reversed and judgment is here rendered for A.R. dismissing this cause.