James Ray CARTER, Appellant,

v.

STATE of Texas, Appellee.

No. 7064.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1961.

**594**

Donald & Donald and Joe H. Cleveland, Bowie, for appellant.

· Otto Ferrill, County Atty., Decatur, for appellee.

DENTON, Chief Justice.

This suit was instituted by a petition signed by one Pete Alexander on September 8, 1960 in Wise County, Texas, against James Ray Carter under Article 2338–1, Vernon's Ann.Civ.St., commonly known as the Juvenile Delinquent Act. On the same day the county judge, acting as judge of the juvenile court, set the case for hearing at 3:00 o'clock p. m. on that date. A hearing was held without a jury, and the trial court thereupon held appellant to be a delinquent child, and he was committed to the care, custody and control of the Texas Youth Counsel. The record indicates appellant was not represented by counsel at the trial, but counsel of record for appellant was later retained and said counsel filed a motion for new trial on September 10, 1960. This motion was overruled the day it was filed and appellant duly perfected this appeal.

Appellant brings forward two points of error, but because of the disposition we are to make of the case we deem it advisable to discuss the first point of error only. Although the record does not indicate, we assume the State was represented at the hearing by the county attorney. No brief for the State has been filed.

Appellant's first point of error is to the effect the petition is insufficient in that it fails to allege any specific offense or charge against the appellant. After alleging the name, age and residence of the minor and the name and address of the mother, the petition states: "Your petitioner further alleges that said child is a delinquent child under the law." This is the only reference in the petition to the offense or crime appellant is charged with. A reading of the petition, Notice to Parent or Guardian (which, according to the record, was never served), the Summons to Appear, or the Order of Commitment, fails to give the slightest hint of what the appellant was charged with.

Article 2338–1, Sec. 7, V.A.C.S., provides for "A petition alleging briefly the facts which bring said child within the provisions of this Act." We recognize the rule to be that in cases under this Act, the petition need not allege an offense with the particularity of a criminal indictment, but a reasonable and definite charge must be alleged against the minor. ·Dendy v. Wilson, 142 Tex. 460, 179 S,W.2d 269, 151 A.L.R. 1217; Robinson v. State, Tex.Civ. App., 204 S.W.2d 981 (no writ history); Cantu v. State, Tex.Civ.App., 207 S.W.2d 901 (no writ history); In re Fisher, Tex. Civ.App., 184 S.W.2d 519 (no writ history). The law is clear and under these authorities we can only conclude the allegation of the petition was clearly insufficient. Not only was the allegation insufficient, but the petition before us failed to allege any charge or offense against this minor.

Because of the error pointed out, the judgment of the trial court is reversed and the cause is remanded.