Kenny Warren VIALL and Donald Earl Armstrong, Appellants,

v.

The STATE of Texas.

No. 7760.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 11, 1967.

Culton, Morgan, Britain & White and Neal R. Allen, Ochsner, Nobles & Baughman and Harold W. Ochsner, Amarillo, for appellants.

George Dowlen, Canyon, for appellee.

NORTHCUTT, Justice.

This appeal concerns the sufficiency of the petitions filed against Kenny Warren Viall and Donald Earl Armstrong under

Art. 2338–1, Vernon's Ann.Civ.St., commonly known as the Juvenile Delinquency Act. The cases were consolidated for hearing herein as the exact issues were involved in each case. The first count of the petitions is not involved in this appeal as the boys were found not guilty under that count and only the exceptions to count two are here considered.

The petitions alleged in count two that each boy was a delinquent child under the law "In that the said boys (each petition setting out the names of the boys) habitually deported himself so as to injure and endanger the morals of himself". The defendants excepted to that count for the reason that said count did not sufficiently appraise the defendants of the specific acts of misconduct which the petitions charged were habitual and which endangered the morals of the defendants, and further excepting because the pleadings did not appraise the defendants of the matters which would be offered in evidence and did not give the defendants fair notice of the evidence that would be offered by petitioners in support of that particular count of the petition. Those exceptions were overruled by the court. By appellants' first point of error here presented, it relates to the error of the court in overruling those exceptions.

Appellants present three points of error but since we are of the opinion the court erred in overruling the exceptions to count two, we will consider only appellants' first point of error. No brief for the State has been filed. This is a civil action; to illustrate, in a suit involving negligence, it would not be sufficient to merely plead a defendant was negligent. The pleadings should allege facts constituting negligence. Art. 2338–1, sec. 7, V.A.C.S. provides for "A petition alleging briefly the facts which bring said child within the provision of this act". The petitions alleging the boys were delinquent children under the law in that they habitually deported themselves so as to injure and endanger their morals are mere conclusions and do not plead facts as required, under

Art. 2338–1. Carter v. State, Tex.Civ.App., 342 S.W.2d 593 and cases there cited.

We are of the opinion, and so hold, that the allegations set out in count two of the petitions were clearly insufficient and that the petitions before us failed to properly allege facts constituting an offense against the appellants because of the errors here determined. The judgment of the trial court is reversed and the causes are remanded.