**Robert BAKER, Director of Jefferson County Children's Center, Appellant,**

v.

**John Wayne SMITH, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Rehearing Denied March 31, 1972.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellant.

Dennis E. Bricking, Thomas P. McCarthy, John G. O'Mara, Legal Aid Society of Louisville, Louisville, for appellee.

CULLEN, Commissioner.

John Wayne Smith, age 17, was brought before the juvenile court of Jefferson County, Kentucky, on a petition under KRS 208.070 charging that on September 7, 1971, he had committed a public offense consisting of malicious destruction of property (throwing a brick through the windshield of a parked automobile). On order of the court he was released to the custody of his parents, pending a hearing. Subsequently, on September 19, 1971, he was arrested by the police on a charge of disorderly conduct, arising out of his having been found, with three other juveniles and four adults, in an apartment in which there were drugs and beer. The police placed him in the detention center, pursuant to KRS 208.110. On September 20 a complaint was filed, under KRS 208.070, charging Smith with the September 19 offense. On the same day Smith made a motion for release on bail. The juvenile court denied the motion in an order which recited as reasons the court's opinion that "release or granting of bail to the defendant at this time would not be in the best interest of the defendant or the best interest of the community and * * * that the defendant is beyond parental control * * *". The order further recited the fact that on a previous occasion in January 1971, when Smith was scheduled to appear in Juvenile Court, he failed to appear and a bench warrant was required to obtain his presence. Thereafter Smith through his mother as next friend brought habeas corpus proceedings in the Jefferson Circuit Court, asserting that he was constitutionally entitled to bail. The circuit court entered judgment holding that Smith was entitled to bail and directing the juvenile court to fix reasonable bail; however, the judgment contained a provision staying its enforcement pending application to this court for a stay pending appeal by the director of the detention center. This court entered an order staying enforcement of the judgment pending appeal but *authorizing* the juvenile court in its discretion to admit Smith to bail pending the appeal.

We have before us now the merits of the appeal from the habeas corpus judgment. The issue is whether juveniles charged with crime have the constitutional right to bail pending determination of proceedings against them in juvenile court.

The circuit court held that juveniles held in custody under the juvenile court statutes on charges of crime are "prisoners" within the meaning of the provision of Section 16 of the Kentucky Constitution that "All prisoners shall be bailable by sufficient securities * * *" (with conditions as to capital offenses). Accordingly, the court held unconstitutional the provision of KRS 208.110 that "The law relating to bail shall not be applicable to children detained in accordance with KRS 208.010 to 208.540." The court further held that the statute violated the Eighth and Fourteenth Amendments to the United States Constitution.

In approaching the issue in this case we think it is important to keep in mind that our juvenile court statutes deal not only with children charged with committing a *public offense* but with those who are alleged to be dependent, neglected, needy or abandoned, or to be beyond parental control, wayward or habitually disobedient, or to be truants from home or school. See KRS 208.020. While distinctions are made between the two categories as respects initial taking into custody, KRS 208.110, and as respects transfer of jurisdiction to circuit court, KRS 208.170, there is no basic difference in treatment of the two categories in regard to investigation, the factors to be taken into consideration in making a determination as to disposition, or the nature of the disposition made by the juvenile court, K.R.S. 208.140, 208.-190, 208.200. The concern of the juvenile court is with the welfare of the children, and the court in holding a child in custody may be considered as exercising substituted parental control, to which the law always has recognized children are subject. A

child does not have the unqualified right of individual liberty that an adult has, because of the fact that the child is subject to parental control. Therefore, the full basis for bail does not exist as to children; for a child released on bail would not gain individual freedom from custody, but would simply be restored to parental custody.

■■■ Historically, bail has been for the release from custody of a person charged with a *crime,* and we think it is clear that Section 16 of the Kentucky Constitution, in referring to "prisoners," means persons held in custody pending trial on a charge of crime. See 8 Am.Jur.2d, Bail and Recognizance, sec. 4, p. 784. The right of bail does not apply to a person quarantined for a communicable disease, because he is not detained on a criminal charge. 8 Am. Jur.2d, Bail and Recognizance, sec. 24, p. 798. Likewise, the right of bail does not extend to one held in custody under a judgment of insanity. 8 C.J.S. Bail § 5b, p. 9. So it appears that where some sufficient public interest requires that a person be confined, under the police power, for a cause other than that he has been charged of crime, the right of bail does not attach. This is consistent with the proposition that the purpose of bail is to honor the presumption of innocence of a charge of crime. See Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3.

In the case of a child who is before the juvenile court the public interest is protective and not punitive, and confinement pending disposition is for the child's welfare rather than to insure his appearance upon trial proceedings. It may be true that the confinement of the child has the same practical effect upon his freedom of activity as does the confinement of an adult, but on a balancing of interests it would appear that the danger of detriment to the welfare of a child from allowing him, pending a full hearing on the allegations, to remain exposed to the conditions that have caused or contributed to his alleged state of delinquency or dependency,

may outweigh the desirability of recognizing a right of the child to retain his freedom prior to a due process hearing.

When it is considered that the purpose in the juvenile court's holding a child in detention pending determination of the proceedings against him is to protect his welfare, we think there is sufficient probable-cause assurance in the fact that the child can be held in detention only pursuant to a specific order of the court following the filing of a verified petition, KRS 208.070, 208.080, or by an arrest followed by a specific order for continued detention, KRS 208.110.

We are not persuaded by the argument that the child is entitled to be free on bail in order that he may make adequate preparation for the hearing of his case. Ordinarily, the preparation will have to be made for the child by parents or others acting on his behalf, whether or not he is free.

■■■ Our conclusion is, then, that the right of bail, as such, does not extend to juveniles pending determination of proceedings against them in juvenile court. Of course this does not mean that they may not be granted freedom from custody, pending hearing, if their welfare does not require that their custody be assumed. See KRS 208.080(2). The conclusion we have reached is not in conflict with Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84; In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, or In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed. 2d 368, because each of them dealt with the granting of *procedural* due process rights to juvenile offenders which would not impair the protective features of the juvenile system; such is not the case with bail, the granting of which would in many instances impair seriously those protective features.

We hold that a child held in custody pending determination of proceedings against him in juvenile court is not a "prisoner" within the meaning of Section

16 of the Kentucky Constitution. We find in such custody no deprivation of the right of due process guaranteed by the Fourteenth Amendment to the United States Constitution, nor any abridgment of privileges and immunities, or denial of equal protection of the law. We further hold that the provision of KRS 208.110 that "The law relating to bail shall not be applicable to children detained in accordance with KRS 208.010 to 208.540" is constitutional, recognizing that under KRS 208.080 and 208.110 there is ample authority in the juvenile court to release a child from detention.

Our holdings are confined to the question of bail pending determination of proceedings in the juvenile court. We do not decide whether a child accused of a felony whose case has been transferred to the circuit court under KRS 208.170 is entitled to bail after the transfer.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

All concur.