Florentino VILLARREAL, a Juvenile
Delinquent, Appellant,

v.

The STATE of Texas, Appellee.

No. 756.

Court of Civil Appeals of Texas,
Corpus Christi.

May 10, 1973.

Cox, Wilson, Duncan & Black, Steven W. Stark, Brownsville, for appellant.

A. Ann Gann, Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

This is a juvenile delinquency case. The State alleged that Florentino Villarreal, a fifteen-year old child, had committed certain acts that made him a delinquent child. A hearing before the court was held and, at its conclusion, Villarreal was adjudged a juvenile delinquent. The trial judge based his judgment on the second count in the petition, dismissing the first and third counts. From this judgment of delinquency, Villarreal has appealed.

Appellant's first point of error states that the trial court erred in failing to strike the remaining count in the State's petition. His argument is that this paragraph does not give him fair notice of the ultimate facts or specific issues that he must defend against as required by due process under Application of Gault, 387 U. S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

This is so, he says, because there are seven possible grounds under Article 2338–1, § 3, Vernon's Ann.Civ.St., and he has no way of knowing which one of the seven he is charged with. The particular paragraph of plaintiff's second original amended petition in question states:

"Florentino Villarreal, on or about the 9th day of May, 1972, in Cameron County, Texas, did then and there willfully injure certain personal property belonging to another, to wit: an automobile vent window, which then and there belonged to and was the property of George Bushor, Jr., without the consent of the said George Bushor, Jr., which said property was of under the value of Fifty ($50.00) Dollars and said property was injured to the extent of $22.34 which is an amount under Fifty ($50.00) Dollars, against the peace and dignity of the State."

■ There is no doubt that the decision in *Gault*, supra, requires that due process of law be afforded the juvenile the same as adults. In Carrillo v. State, 480 S.W.2d 612 (Tex.Sup.1972) our Supreme Court stated that in juvenile cases the child must know of the specific issues he is to meet and they must be set out with particularity, citing *Gault*.

The State alleges a violation of Article 1350 of the Vernon's Ann.Penal Code in its petition. Section (1) of Article 1350 of the Penal Code, states:

"It shall be unlawful for any person to willfully injure or destroy, or attempt to injure or destroy, any property belonging to another, of any kind whatsoever, without the consent of the owner and lienholder, if any, thereon."

Subsection 3(b) of Article 1350 sets the punishment.

"(b) When the value of the property destroyed or the extent of the injury inflicted is under the value of Fifty ($50.-

00) Dollars, he shall be fined not exceeding One Thousand ($1,000.00) Dollars or be confined in the county jail for not more than one (1) year, or be both fined and imprisoned."

Article 2338-1, Sec. 3, states that: ". . . The term 'delinquent child' means any child who

(b) violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;"

■ We hold that the State's petition is sufficient to apprise the juvenile of the specific issue he is to meet. Johnson v. State, 401 S.W.2d 298 (Tex.Civ.App.— Houston 1966, n. w. h.); Viall v. State, 423 S.W.2d 186 (Tex.Civ.App.—Amarillo 1967, n. w. h.); Carter v. State, 342 S.W. 2d 593 (Tex.Civ.App.—Amarillo 1961, n. w. h.).

Appellant complains in his second point of error that the trial court erred in considering plaintiff's second original amended petition. The record shows that this petition was filed five days before trial. The only change made in the petition was to reduce the damage in Paragraph III from *"over"* $50.00 to *"under"* $50.00. At trial, appellant moved to strike this petition. He was asked by the trial court if he was claiming surprise. The appellant stated that he was not. After the trial court granted leave to amend, the amended petition was not formally refiled. Appellant argues that a strict construction of Rule 63, Texas Rules of Civil Procedure, requires a refiling of the petition *after* leave to amend has been granted. This point is without merit.

■ There is no doubt that the trial court properly allowed the amendment of the petition. Carrillo v. State, 480 S.W.2d 612 (Tex.Sup.1972). Since no surprise was claimed, and irregularity in compliance with the Rules of Civil Procedure are cured by the trial court's action in considering the amended pleading. Lucas v. Hayter, 376 S.W.2d 790 (Tex.Civ.App.— San Antonio 1964, err. dismissed) citing Consolidated Furniture Company v. Kelly, 366 S.W.2d 922 (Tex.Sup.1963) and W. C. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256 (1946).

In his points of error three and four, appellant complains that the trial court erred in admitting the State's Request for Admissions into evidence. His argument is first: that the Request for Admissions violates his Fifth Amendment privilege against self-incrimination; and second: that they were not submitted in compliance with Rule 169, Tex.R.Civ.P.

■ The decision in *Gault* extended the privilege against self-incrimination to juvenile cases. Application of Gault, 87 S.Ct. 1428, 1458. It is well established that this privilege is not absolute. See Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (permitting blood alcohol tests); Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (handwriting samples); United States v. Kelly, 55 F.2d 67 (2d Cir. 1932) (fingerprints); see Moulton v. State, 486 S.W.2d 334 (Tex.Cr.App. 1971) following Gilbert v. State of California, supra, and Schmerber v. State of California, supra.

■ The Request for Admissions in the case before us asked the juvenile to admit as true: his name, his age, his residence and the names and residence of his parents. These were jurisdictional facts and are not part of the operative facts that allege delinquency. They are no more incriminating than identifying the juvenile by his fingerprints. Since the Rules of Civil Procedure are applicable in these hearings, Requests for Admissions as to these particular facts are permissible, and

do not violate the Fifth Amendment of the U.S. Constitution.

In arguing that the State has not complied with the requirements of Rule 169, appellant states that the Request was actually submitted to him erroneously prior to his appearance date. The record reflects that the original petition was filed on May 12, 1972. The time for his appearance would have been June 5, 1972. The admissions were delivered to him on May 23, 1972, thirteen days before he was required to answer. The minimum time period for answering the admissions ended June 15, 1972. The hearing was conducted on June 19, 1972. Appellant had sufficient time to answer the request. His complaint is that they were filed sooner than required by law. The result of a premature filing, is to suspend the effect thereof. 71 C.J.S. Pleading § 416 (Pocket Part 1972). When the time for answering passed on June 5, 1972, the time for answering the requests, which were already in the possession of the juvenile, commenced to run. Until then they were suspended. The real effect is that appellant had an extra thirteen days to formulate any answers he may have had. If any error was committed, it was harmless error. Rule 434, Tex.R.Civ. P.

Finally, in his fifth point of error, appellant claims that there was no evidence showing the value of the vent window alleged to have been damaged or to the extent of the damage. His argument is that the State plead damage to "an automobile vent window" and proved damage to an automobile and the two are not the same. This argument has no merit. The evidence showed that the vent window was pried open and off its hinges. The window was damaged because it could not function as a vent window on the automobile. The cost of repair to the automobile was to make the window functional once more. Damages were properly alleged and proved. All of appellant's points of error are overruled.

Judgment of the trial court is affirmed.