594 S.W.2d 207 (1980)
In re D. B., Appellant.
No. 1592.
Court of Civil Appeals of Texas, Corpus Christi.
January 24, 1980.
*208 Abel Cavada, Texas Rural Legal Aid, Inc., Kingsville, for appellant.
W. A. Ewert, Jr., Kingsville, for appellee.

OPINION
NYE, Chief Justice.
This is an appeal by a child, D. B., from a judgment entered by the Kleberg County Court, sitting as a Juvenile Court, finding that he had engaged in delinquent conduct by committing a burglary and ordering him committed to the Texas Youth Council.
*209 This is the second time that this juvenile has been adjudicated a delinquent, having been initially adjudicated a delinquent on April 28, 1977. At some time after he was first committed, the juvenile was placed under supervised parole by the Texas Youth Council (T.Y.C.).
The events leading to the second adjudication proceeding commenced on March 13, 1979, when the juvenile was arrested at Memorial Middle School by officers of the Kingsville Police Department and was taken to the police station for interrogation concerning a burglary. After a later detention hearing, the juvenile was ordered detained in jail pending a final disposition of the case. Thereafter, a T.Y.C. hearing officer conducted a parole revocation hearing and determined that from a preponderance of the evidence presented, the State did not establish that the juvenile had violated any of the conditions of his parole on the grounds of the alleged burglary. After this hearing, the juvenile was released from detention.
The next day the County Attorney filed a petition in the Juvenile Court alleging that the juvenile had, in fact, participated in the burglary and that such action constituted delinquent conduct. Before the second adjudication hearing, the juvenile's counsel filed a motion for continuance on the basis that the pending adjudication proceeding was predicated upon the same alleged conduct which had been at issue in the T.Y.C. revocation hearing, and that the adjudication hearing should be postponed pending the receipt of the record of the revocation hearing and a copy of the hearing officer's written findings of fact and conclusions. The juvenile's attorney also filed a motion to dismiss the present adjudication petition on the basis that the Juvenile Court had previously determined that this juvenile had engaged in delinquent conduct based upon another offense, and that such previous determination was res judicata as to any subsequent adjudication proceeding concerning conduct based on a different offense. In addition, the juvenile's attorney filed a motion to dismiss the petition alleging that the juvenile would be subjected to double jeopardy for the same burglary offense which was at issue at the T.Y.C. parole revocation hearing. These three motions were overruled by the trial court. The cause then proceeded to trial before a jury which found that the juvenile had engaged in delinquent conduct by committing the burglary in question. Thereafter, the Court entered a judgment declaring the juvenile to be a delinquent child and committing him to the care, custody and control of the T.Y.C.
On appeal, the juvenile presents three points of error which, in essence, reurge as the grounds for reversal, the substance of the three motions which were overruled by the trial court. His major complaint is that the Juvenile Court erred in overruling his motion to dismiss the second adjudication petition on the basis of prior jeopardy. This point of error raises the issue of whether or not jeopardy attached at the T.Y.C. parole revocation hearing where an administrative determination was made from a preponderance of the evidence presented that the juvenile had not committed the burglary in question, and therefore he had not violated the terms of his parole and therefore his parole should not be revoked at that time. We hold that jeopardy did not attach at the parole revocation hearing.
We recognize at the outset that a juvenile proceeding is identified as civil in nature rather than criminal, but the protections and due process requirements are similar to those in adult criminal prosecutions. Therefore, the strict standards applied in criminal law are also applicable to protect the juvenile in this civil, yet quasi-criminal, proceeding. See Breed v. Jones, 421 U.S. 519, 529-531, 95 S.Ct. 1779, 1785-1787, 44 L.Ed.2d 346 (1975).
The Texas Court of Criminal Appeals has held that the double jeopardy protections of both the Texas and United States Constitutions do not apply to: 1) "a proceeding wherein the result is deemed to be neither a conviction nor acquittal;" 2) "a proceeding that is not considered to be a trial, `as that *210 term is used and contemplated by the Constitution in reference to criminal cases...';" 3) "a proceeding which is not considered to be a criminal prosecution;" and 4) "is considered to be only `administrative in nature.'" Davenport v. State, 574 S.W.2d 73, 75 (Tex.Cr.App.1978) (citations omitted). In so holding, the Court rejected the defendant's contention that jeopardy attached to a probation revocation hearing, and allowed the State to pursue a second motion to revoke probation which alleged, as grounds in support thereof, the same factual basis that had been alleged in the first motion to revoke probation which had been denied by the court after the first hearing.
In addition, the Court of Criminal Appeals has rejected the argument that the constitutional protection of double jeopardy would preclude a subsequent prosecution for the same offense previously considered in a prior revocation hearing conducted before a court by saying:
"The allegation in a motion to revoke probation that probationer has committed a particular offense when the motion is heard by the court does not constitute jeopardy and will not bar a subsequent prosecution for such offense. Especially is this true in the case at bar where the court declined to revoke probation." Settles v. State, 403 S.W.2d 417, 418 (Tex.Cr. App.1966) (emphasis added). See also Banks v. State, 503 S.W.2d 582 (Tex.Cr. App.1974).
Revocation of parole is not part of a criminal prosecution, but rather, arises after the end of the criminal prosecution, including the imposition of sentence. Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). In the case before us, care, custody and control of the juvenile was vested in the T.Y.C. pursuant to an order of commitment entered by the Juvenile Court, which adjudged him to be a delinquent based upon conduct which occurred prior to the burglary in question. Thereafter, the T.Y.C. was vested with the responsibility of administering a program of constructive training aimed at rehabilitation. This included supervised parole under specified conditions, until such time as the juvenile was officially discharged from the custody of the Texas Youth Council. See Tex.Rev.Civ.Stat.Ann. art. 5143d, § 12(a); Tex.Rev.Civ.Stat.Ann. art. 5143d, § 27 (1971). The supervision of the juvenile's parole was directed by an administrative agency and not by the Juvenile Court. Revocation of parole deprives an individual, "not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).
In this case, the result of the parole revocation hearing is deemed to be neither a conviction nor acquittal, nor is it a proceeding that can be considered to be a criminal prosecution. Rather, a parole revocation hearing is an administrative determination of whether or not the juvenile had violated the terms and conditions of his parole. The constitutional protection of double jeopardy, therefore, did not attach. This determination is consistent with the guidelines set forth by the United States Supreme Court. Jeopardy attaches whenever the juvenile is subjected to an adjudicatory hearing, the object of which is to determine whether or not he has committed acts that violated a criminal law and the potential consequence of which includes both the stigma inherent in that determination and the deprivation of liberty. Breed v. Jones, 421 U.S. 519, 529-531, 95 S.Ct. 1779, 1785-1787, 44 L.Ed.2d 346 (1975). The initial inquiry in a revocation decision involves the factual question of whether or not the parolee has in fact acted in violation of one or more conditions of his parole. See Morrissey v. Brewer, 408 U.S. 471, 479, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). This determination should not be equated to a criminal prosecution in any sense.
All of the cases cited by the juvenile's attorney in his brief involved a judicial determination, of one form or another, that guilt was either proven or not proven, followed by a subsequent prosecution for *211 the same offense. Essentially, the juvenile requests this Court to declare that the T.Y.C., once it obtains jurisdiction over a juvenile, should be considered the equivalent of a judicial body in disposing of a criminal prosecution, and that once the court has committed the juvenile to the T.Y.C., the juvenile court loses jurisdiction over the juvenile until he is discharged by the T.Y.C. We find no basis in law or fact for making such an equation. Historically, in Texas, a juvenile court retains jurisdiction, once obtained, over the juvenile until discharged or until he reaches his majority. Point of error number 2 is overruled.
The juvenile next contends in substance that the juvenile court erred in overruling his motion to dismiss the adjudication petition on that basis of res judicata because he had already been adjudicated a delinquent on a prior occasion. The juvenile argues that "[t]he only avenue for the State to take in a charge of burglary against [him] would be to revoke his parole pursuant to procedures established by the Texas Youth Council." In substance, he contends that he cannot be adjudicated as a delinquent twice in this civil-type trial even though each adjudication involved separate and distinct conduct.
A statement of the traditional general principle of res judicata is as follows:
"The general principle, announced in numerous cases, is that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies, or with another so identified in interest with such person that he represents the same legal right, the same question, the same particular controversy or issue which has been necessarily tried and finally determined upon its merits by a court of competent jurisdiction in a judgment in personam in a former suit." Marange v. Marshall, 402 S.W.2d 236 (Tex.Civ.App.Corpus Christi 1966, writ ref'd n. r. e.).
See also: State of Oklahoma v. State of Texas, 256 U.S. 70, 86, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1920); Hammonds v. Holmes, 559 S.W.2d 345, 346 (Tex.Sup.1977); Abbott Laboratories v. Gravis, 470 S.W.2d 639, 642 (Tex.Sup.1971); Olivarez v. Broadway Hardware, Inc., 564 S.W.2d 195 (Tex.Civ. App.Corpus Christi 1978, writ ref'd n. r. e.).
The juvenile contends that the judgment in the original adjudication proceeding against him should act as a bar against the prosecution of the second adjudication proceeding. This contention is also without merit. The burglary offense, the conduct which was an issue in the second adjudication proceeding, had not been committed at the time of the first adjudication proceeding, and therefore, could not have been "distinctly put in issue and directly determined" as a basis for adjudicating the juvenile to have engaged in delinquent conduct a second time. We are of the opinion that the matters determined by the T.Y.C. in its parole revocation hearing did not bar the subsequent adjudication proceeding based upon the burglary offense. C. F. Davenport v. State, 574 S.W.2d 73 (Tex.Cr.App. 1978); Banks v. State, 503 S.W.2d 582 (Tex. Cr.App. 1974); Settles v. State, 403 S.W.2d 417 (Tex.Cr.App.1966). Appellant's point of error number 1 is overruled.
In his remaining point of error, the juvenile contends that the court abused its discretion by failing to grant a continuance pending receipt of a copy of the record of the parole revocation hearing. The motion for continuance and supporting affidavit alleged that the transcription of the parole revocation hearing was crucial to his defense because the "recording is a recording of a prior determination of the same charges now being brought against the Defendant, and deal with the same issues, facts, witnesses, and circumstances surrounding the case now before this court" and because "all matters pertaining to this cause of action against defendant were resolved at such hearing."
Implicit in the juvenile's arguments is the premise that the transcription was necessary to the preparation of his case in order for him to show that his constitutional protection *212 against being placed twice in jeopardy would be violated by the adjudication proceeding and that the doctrine of res judicata would also be a bar to such proceeding.
The law is well settled that the trial court's denial of a motion for a continuance is within the sound discretion of the trial court and it will be presumed that the court properly exercised its discretion, absent a showing of an abuse of discretion. Hernandez v. Heldenfels, 374 S.W.2d 196 (Tex.Sup.1963); Zamora v. Romero, 581 S.W.2d 742 (Tex.Civ.App.Corpus Christi 1979, writ ref'd n. r. e.); Southwestern Bell Tel. Co. v. Griffith, 575 S.W.2d 92 (Tex.Civ. App.Corpus Christi 1978, writ ref'd n. r. e.). No abuse of discretion is shown by the record before us. The same attorney who represented the juvenile at the second adjudication proceeding was present and represented this juvenile at the prior revocation proceeding. There is no showing in the record that the transcription of the revocation hearing pertained to any defensive theories other than double jeopardy and res judicata. We have already determined that jeopardy did not attach at the revocation hearing, and that res judicata was not applicable. Appellant's third point of error is overruled.
The judgment of the trial court is hereby affirmed.