**Ex parte Allen Jerry BOWEN.**

**No. 11–87–249–CR.**

Court of Appeals of Texas, Eastland.

Jan. 28, 1988.

Stan Brown, Brown & Kennedy, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Abilene, for appellee.

## OPINION

McCLOUD, Chief Justice.

The issue on appeal is whether the doctrine of collateral estoppel bars subsequent criminal prosecution once a factual allegation in a mandatory supervision revocation proceeding has been determined in the prisoner's favor. We hold that it does not.

Allen Jerry Bowen, appellant, was released from physical custody pursuant to the Texas Adult Parole and Mandatory Supervision Law, TEX.CODE CRIM.PRO. ANN. art. 42.18 (Vernon Supp.1988). He was placed on mandatory supervision to serve the remainder of his sentence under the supervision and control of the Board of Pardons and Paroles.[1]

1. Mandatory supervision is defined in Article 42.18, sec. 2(b) and sec. 8(c). All the provisions of Article 42.18 pertinent to this appeal apply

On July 13, 1987, a hearing was conducted [pursuant to Article 42.18, sec. 15(a) and the regulations of the Board of Pardons and Paroles] to determine if appellant had violated the terms and conditions of his mandatory supervision. Evidence of eight alleged violations was presented. The hearing officer entered specific, written findings that the evidence was sufficient to support six of the eight allegations. The hearing officer denied, "due to insufficient evidence," the allegations that appellant committed the offense of possession of amphetamine and the offense of possession of amphetamine with intent to deliver. The hearing officer recommended that mandatory supervision be revoked. The hearing section reviewed the record and agreed with the findings and the recommendation of the hearing officer. The Board of Pardons and Paroles then revoked appellant's mandatory supervision pursuant to its authority under Article 42.18, sec. 15. The validity of the hearing officer's findings and the revocation is not before this Court.

Appellant is presently being held under indictment for the same two possession of amphetamine offenses which the hearing officer found the evidence "insufficient" to recommend revocation. Appellant filed a petition for writ of habeas corpus alleging that the doctrine of collateral estoppel prevents the State from prosecuting him under the indictment. The trial court denied the writ, and appellant perfected an appeal pursuant to TEX.R.APP.P. 44. We affirm.

Appellant cites the definition of collateral estoppel found in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In *Ashe*, the United States Supreme Court stated:

"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be liti-

equally to prisoners released on parole and on mandatory supervision.

gated between the same parties in any future lawsuit.

Appellant also cites the language in *United States v. Utah Construction and Mining Company*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), that the doctrine of collateral estoppel has been applied "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." However, we disagree with appellant's argument that under the holdings in *Utah Construction and Mining Company* and *Ex parte Tarver*, 725 S.W. 2d 195 (Tex.Cr.App.1986), the State is collaterally estopped from criminally prosecuting him in a court of law because of the fact findings entered as a result of the administrative proceedings by the Board of Pardons and Paroles.

Appellant's reliance on *Tarver* is misplaced. The *Tarver* Court specifically limited its holding to the particular circumstances of the case: where the trial court acted as a finder of fact after a full probation revocation hearing in which both the State and the defendant were represented by counsel. In the present case, appellant was released from prison on mandatory supervision and was under the authority of the Board of Pardons and Parole. The designee of the Board of Pardons and Paroles served as the fact finder at the revocation hearing, and only the appellant was represented by counsel.

Mandatory supervision (like parole) occurs when a prisoner, already convicted and sentenced to confinement, is released from physical custody subject to supervision of the Board of Pardons and Paroles. Article 42.18, sec. 8(c). Revocation of mandatory supervision, similar to parole revocation, is not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *In re D.B.*, 594 S.W.2d 207 (Tex.Civ.App.—Corpus Christi 1980, no writ). Revocation deprives the prisoner only of the *conditional* liberty which he was granted on his release and punishes the prisoner for failure to observe the special conditions of his release, not for new criminal conduct. *Morrissey v. Brew-*

*er*, supra; *In re D.B.*, supra. Revocation is then a stage in the administration of the sentence previously imposed by a court of law and is a consequence of the original conviction. The fact issue determined in a revocation hearing is whether the conditions of the release have been violated.

The Supreme Court of Washington addressed the same issue before this Court in the case of *State v. Dupard*, 93 Wash.2d 268, 609 P.2d 961 (1980). In holding that public policy dictated the rejection of collateral estoppel, the Court stated:

Policy arguments have been often the deciding factor when collateral estoppel is based upon prior administrative determination. 2 K. Davis, Administrative Law Treatise sec. 18.04 (1958 and Supp. 1970). The doctrine may be qualified or rejected when its application would contravene public policy. See, e.g., *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125 (6th Cir.1971).

We believe public policy dictates rejection of collateral estoppel in this instance. Parole revocation is not part of a new criminal prosecution. *Standlee v. Smith*, 83 Wash.2d 405, 518 P.2d 721 (1974). See also *Standlee v. Rhay*, 403 F.Supp. 1247 (E.D.Wash.1975), rev'd 557 F.2d 1303 (9th Cir.1977). Rather, it is a "continuing consequence" of the *original* conviction. (Emphasis in original)

The parole revocation process has been described as a two-fold inquiry. The first involves "a wholly retrospective factual question": has the parolee in fact violated a condition of parole? Assuming an affirmative answer, the second step addresses the appropriate disposition of the matter. *In re Akridge*, supra, 90 Wash.2d [350] at 351, 581 P.2d 1050 [ (1978) ]. In the instant case, the basic factual question to be answered is whether the parolee in fact committed a new crime. As a general proposition, we believe this inquiry is more appropriately addressed to the criminal justice system. See *United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404, 410 (E.D.Pa. 1975).

\*　　\*　　\*　　\*　　\*　　\*

Practical public policy requires that new criminal matters, when charged in the criminal justice system, must be permitted to be there decided, unhampered by any parallel proceedings of the Board of Prison Terms and Paroles. Consequently, we hold that the board's parole revocation hearing decision regarding Dupard may not be interposed as a basis for collateral estoppel in his prosecution on new criminal charges.

In *State v. Alvey,* 67 Haw. 49, 678 P.2d 5 (1984), the Supreme Court of Hawaii declined to apply the doctrine of collateral estoppel to findings made in the course of prison disciplinary hearings "because the policy factor weighs heavily against" such application.

We agree with the public policy concerns addressed in *Dupard* and *Alvey.* The hearing officer's findings on the sufficiency of the evidence to support the allegations of violations of the condition of release from prison should not collaterally estop future criminal prosecution. The fact issue of whether appellant actually committed the two possession of amphetamine offenses should be addressed in a court of law in a criminal proceeding.

The order of the trial court is affirmed.