TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00175-CR







Israel Ortiz, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0965161, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant guilty of escape and assessed punishment, enhanced by two
previous felony convictions, at imprisonment for ninety years. Tex. Penal Code Ann. § 38.06 (West 1994). 
In his only point of error, appellant contends there is a fatal variance between the allegations in the
indictment and the proof. Finding no merit to this contention, we will affirm.

The indictment alleged that appellant escaped from the custody of the Travis County Sheriff
"when Israel Ortiz was convicted of the offense of murder, a felony, and when the said Israel Ortiz was
confined in a secure correctional facility, to wit: the Travis County Jail." This indictment alleged the third
degree felony offense of escape under two theories: (1) that appellant escaped when convicted of a felony
(murder), and (2) that appellant escaped from a secure correctional facility when convicted of an offense
(murder). Sec. 38.06(a)(1), (c)(1) & (2). Under either theory of the offense, the State alleged and was
therefore required to prove that appellant escaped when convicted of murder. See Stevens v. State, 891
S.W.2d 649, 650 (Tex. Crim. App. 1995) (discussing variance doctrine).

The relevant facts are undisputed. Appellant was convicted of murder in Jim Hogg County
in 1983 and sentenced to imprisonment for thirty-five years. He was subsequently released on parole. 
While on parole, appellant was accused of committing theft and a warrant for his arrest for violating the
conditions of parole was issued. Appellant was confined pursuant to this warrant at the time of his escape,
awaiting a parole revocation hearing.

Appellant does not deny that he "escaped" from "custody" as those terms are defined. 
Tex. Penal Code Ann. § 38.01(1) (West 1994) & (2) (West Supp. 1997). He argues, however, that the
evidence shows he was incarcerated on the parole violation warrant, and not his murder conviction, at the
time of his escape. Appellant thus concludes that the State failed to prove the allegation that he escaped
when convicted of murder.

Section 38.06(a)(1) requires only that the accused escape from custody when he is
convicted of an offense. The evidence clearly establishes that at the time of his escape from custody,
appellant was subject to an outstanding conviction for murder. A judgment imposing imprisonment does
not cease to operate until the defendant serves the term imposed. State ex rel. Thomas v. Banner, 724
S.W.2d 81, 85 (Tex. Crim. App. 1987). That the parole warrant may have been the immediate cause of
appellant's incarceration in the Travis County Jail did not alter the fact that he stood convicted of murder
at the time of his escape.

If section 38.06(a)(1) requires a causal connection between the conviction and the custody
as appellant argues, that connection was present here. Appellant mistakenly believes that because he was
on parole, he was not serving his sentence for murder. In fact, appellant was serving his sentence for
murder under the supervision and control of the parole division. Tex. Code Crim. Proc. Ann. art. 42.18,
§ 2(1) (West Supp. 1997). Appellant was entitled to credit against his sentence for the time spent in
confinement following his arrest on the parole revocation warrant. Ex parte Price, 922 S.W.2d 957 (Tex.
Crim. App. 1996); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). Revocation of parole
is a stage in the administration of the sentence previously imposed and is a consequence of the original
conviction. Ex parte Bowen, 746 S.W.2d 10, 12 (Tex. App.--Eastland 1988, pet. ref'd). Clearly,
appellant was in custody because of his murder conviction.

For the reasons stated, there was no fatal variance between the indictment and the proof. 
The point of error is overruled and the judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 2, 1997

Do Not Publish



CENTER>v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0965161, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant guilty of escape and assessed punishment, enhanced by two
previous felony convictions, at imprisonment for ninety years. Tex. Penal Code Ann. § 38.06 (West 1994). 
In his only point of error, appellant contends there is a fatal variance between the allegations in the
indictment and the proof. Finding no merit to this contention, we will affirm.

The indictment alleged that appellant escaped from the custody of the Travis County Sheriff
"when Israel Ortiz was convicted of the offense of murder, a felony, and when the said Israel Ortiz was
confined in a secure correctional facility, to wit: the Travis County Jail." This indictment alleged the third
degree felony offense of escape under two theories: (1) that appellant escaped when convicted of a felony
(murder), and (2) that appellant escaped from a secure correctional facility when convicted of an offense
(murder). Sec. 38.06(a)(1), (c)(1) & (2). Under either theory of the offense, the State alleged and was
therefore required to prove that appellant escaped when convicted of murder. See Stevens v. State, 891
S.W.2d 649, 650 (Tex. Crim. App. 1995) (discussing variance doctrine).

The relevant facts are undisputed. Appellant was convicted of murder in Jim Hogg County
in 1983 and sentenced to imprisonment for thirty-five years. He was subsequently released on parole. 
While on parole, appellant was accused of committing theft and a warrant for his arrest for violating the
conditions of parole was issued. Appellant was confined pursuant to this warrant at the time of his escape,
awaiting a parole revocation hearing.

Appellant does not deny that he "escaped" from "custody" as those terms are defined. 
Tex. Penal Code Ann. § 38.01(1) (West 1994) & (2) (West Supp. 1997). He argues, however, that the
evidence shows he was incarcerated on the parole violation warrant, and not his murder conviction, at the
time of his escape. Appellant thus concludes that the State failed to prove the allegation that he escaped
when convicted of murder.

Section 38.06(a)(1) requires only that the accused escape from custody when he is
convicted of an offense. The evidence clearly establishes that at the time of his escape from custody,
appellant was subject to an outstanding conviction for murder. A judgment imposing imprisonment does
not cease to operate until the defendant serves the term imposed. State ex rel. Thomas v. Banner, 724
S.W.2d 81, 85 (Tex. Crim. App. 1987). That the parole warrant may have been the immediate cause of
appellant's incarceration in the Travis County Jail did not alter the fact that he stood convicted of murder
at the time of his escape.

If section 38.06(a)(1) requires a causal connection between the conviction and the custody
as appellant argues, that connection was present here. Appellant mistakenly believes that because he was
on parole, he was not serving his sentence for murder. In fact, appellant was serving his sentence for
murder under the supervision and control of the parole division. Tex. Code Crim. Proc. Ann. art. 42.18,
§ 2(1) (West Supp. 1997). Appellant was entitled to credit against his sentence for the time spent in
confinement following his arrest on the parole revocation warrant. Ex parte Price, 922 S.W.2d 957 (Tex.
Crim. App. 1996); Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). Revocation of parole
is a stage in the administration of the sentence previously imposed and is a consequence of the original
conviction. Ex parte Bowen, 746 S.W.2d 10, 12