*Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

**Ex parte D.W.C.**

**No. 09–98–422–CR.**

Court of Appeals of Texas, Beaumont.

Submitted June 3, 1999.

Decided Oct. 6, 1999.

William E. Hall, Jr., George E. Renneberg, Law Offices of William E. Hall, Jr., Conroe, for appellant.

Patrick A. Green, Conroe, for ad litem.

Before WALKER, C.J., BURGESS and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

■ D.W.C., a juvenile, appeals from the denial of relief upon his application for writ of habeas corpus. He contends in a single issue that his detention without bail violates his rights as contained in art. I, §§ 11 and 29 of the Texas Constitution. Although he is no longer subject to pretrial detention, we will rule on the issue even though it is now moot, because the alleged wrong is capable of repetition yet evading review. *See Schall v. Martin*, 467 U.S. 253, 256, n. 3, 104 S.Ct. 2403, n. 3, 81 L.Ed.2d 207, 212, n. 3 (1984); *General Land Office of Texas v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990).

We affirm the trial court's order denying D.W.C. relief upon his application for writ of habeas corpus because the denial of bail to a juvenile who is the subject of pretrial detention does not violate the juvenile's rights under the Texas Constitution due to the State's *parens patriae* interest.

It has long been held in Texas that a juvenile has no right to bail because juvenile cases are civil, as opposed to criminal proceedings. *See Espinosa v. Price*, 144 Tex. 121, 188 S.W.2d 576, 577 (1945). However, in the case of *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court held that, despite the civil law designation, a juvenile is entitled, by virtue of the right

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

to due process, to the right to adequate notice of charges, the right to counsel, the right to confrontation and cross-examination, and the right to the privilege against self-incrimination. *Id.*, 387 U.S. at 33–34, 41–42, 55, 57, 87 S.Ct. 1428. The court did not rule on whether a juvenile is entitled to bail.

Since that time, numerous state courts have considered whether the denial of bail to juveniles constitutes a violation of the United States Constitution or of their state constitutions. Most have held that it does not. *See Pauley v. Gross,* 1 Kan.App.2d 736, 574 P.2d 234, 240 (1977); *Morris v. D'Amario,* 416 A.2d 137, 140 (R.I.1980); *Estes v. Hopp,* 73 Wash.2d 263, 438 P.2d 205, 208–09 (1968); *In re Ort,* 407 N.E.2d 1162, 1164 (Ind.Ct.App.1980); *State v. M.L.C.,* 933 P.2d 380, 383 (Utah 1997); *Baker v. Smith,* 477 S.W.2d 149, 152 (Ky. 1971); *Doe v. State,* 487 P.2d 47, 52–53 (Alaska 1971); *L.O.W. v. District Court,* 623 P.2d 1253, 1255 (Colo.1981); *Aubry v. Gadbois,* 50 Cal.App.3d 470, 123 Cal.Rptr. 365, 368 (1975); and *In re Kelly,* 1999 WL 132862, at *5 (Ohio Ct.App., 10th Dist., March 4, 1999). The only state of which we are aware that has held to the contrary is Louisiana. *See State v. Franklin,* 202 La. 439, 12 So.2d 211, 213 (1943). A federal district court in the District of Colombia has also held that a juvenile has a constitutional right to bail. *See Trimble v. Stone,* 187 F.Supp. 483, 488 (D.D.C.1960). For further discussion and authorities, *see* "Right of Bail in Proceedings in Juvenile Court," 53 A.L.R.3d 848.

■ The general basis for the holding of the majority of these courts is the doctrine of *parens patriae.* Our juvenile law is founded upon the application of this doctrine. *See S.D.G. v. State,* 936 S.W.2d 371, 377 (Tex.App.—Houston [14th Dist.] 1996, writ denied). *See also* TEX. FAM.CODE ANN. § 51.01 (Vernon 1996). Based upon that doctrine, then, we hold that juveniles do not have an absolute constitutional right to bail, either under the United States or the Texas Constitutions.

D.W.C. primarily relies upon the cases of *Collins v. State,* 429 S.W.2d 650 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ); *Villarreal v. State,* 495 S.W.2d 28 (Tex.Civ.App.—Corpus Christi 1973, no writ); *In re D.B.,* 594 S.W.2d 207 (Tex.Civ. App.—Corpus Christi 1980, no writ); and *M.B. v. State,* 905 S.W.2d 344 (Tex.App.— El Paso 1995, no writ). Two of these cases, *Collins* and *M.B.,* hold that a juvenile is guaranteed all of the privileges and immunities to which one would be entitled in a criminal proceeding because the proceedings seek to deprive the juvenile of liberty. *See Collins,* 429 S.W.2d at 652; *M. B.,* 905 S.W.2d at 345. However, an examination of these cases show that each reached that conclusion based either upon *Gault* or upon a case that itself relied upon *Gault. Collins,* 429 S.W.2d at 652; *M. B.,* 905 S.W.2d at 345. *Villarreal* and *In re D.B.* merely hold that a juvenile is entitled to the protection of due process. *Villarreal,* 495 S.W.2d at 29; *In re D.B.,* 594 S.W.2d at 209. *Villarreal,* relying on *Gault,* indicated that the due process rights are the same for juveniles as for adults. *Villarreal,* 495 S.W.2d at 29. *In re D.B.,* a later decision by the same court, merely states that the due process requirements for juveniles and adults are similar. *In re D.B.,* 594 S.W.2d at 209.

In *Schall v. Martin,* the United States Supreme Court, in holding that New York juvenile pretrial detention procedures do not violate the juveniles' due process rights, stated that while certain basic constitutional protections enjoyed by adults also apply to juveniles, the Constitution does not mandate the elimination of all differences in the treatment of juveniles, because of the State's *parens patriae* interest in preserving and promoting the welfare of the child. *Id.*, 467 U.S. at 263, 104 S.Ct. at 2409, 81 L.Ed.2d at 216. It specifically noted that a juvenile does not enjoy the right to a jury trial. *Id.* We therefore respectfully disagree with those cases that have indicated that the holding in *Gault* requires that a juvenile be afford-

ed all of the same rights as a criminal defendant. We overrule D.W.C.'s contention as presented in the sole issue on appeal.

We affirm the order denying D.W.C. relief upon his application for writ of habeas corpus.