[Civ. No. 45029. Second Dist., Div. Five. Aug. 5, 1975.]

ERNEST L. AUBRY, Plaintiff and Appellant, v.
RICHARD GADBOIS, as Presiding Judge, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Ernest L. Aubry, in pro. per., for Plaintiff and Appellant.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

KAUS, P. J.—The issue in this case is whether a juvenile charged with the commission of a crime is entitled to bail on the same conditions as an adult similarly charged.

Plaintiff Ernest L. Aubry, in a taxpayer's action brought against the Presiding Judge of the Juvenile Department of the Los Angeles Superior

Court, one other juvenile court judge, all the commissioners and referees working in juvenile court, and the Chief Probation Officer of Los Angeles County, attempts to enjoin the illegal expenditure of public funds and to obtain declaratory relief with respect to prehearing detention of juveniles. The trial court granted defendant's motion for judgment on the pleadings.

Stated in eight causes of action, plaintiff's complaint boils down to this: A juvenile charged under Welfare and Institutions Code, sections 601 or 602,[1] can be detained for 15 judicial days before a hearing on the offense is held, while an adult charged with the same offense is entitled to bail pending his trial; the prehearing detention of such juveniles is illegal and involves an unlawful expenditure of public funds.

The core of plaintiff's complaint are sections 635 and 636 of the Welfare and Institutions Code. Section 635 provides, as relevant, that after a minor is taken into custody, the "court will examine such minor ... and, unless it appears that such minor has violated an order of the juvenile court or has escaped from the commitment of the juvenile court *or that it is a matter of immediate and urgent necessity for the protection of such minor or the person or property of another that he be detained* or that such minor is likely to flee the jurisdiction of the court, the court shall make its order releasing such minor from custody." (Italics added.)[2]

Section 636 states the grounds for detention affirmatively and permits the court to "make its order that such minor be detained in the juvenile hall or other suitable place . . . for a period not to exceed 15 judicial days. . . ." (See also, § 657.)[3]

---

[1]Although plaintiff stresses that prehearing detention of minors also applies to those alleged to be persons described in Welfare and Institutions Code section 601, who may only have been charged with "juvenile misbehavior," plaintiff's complaint and briefs make clear that he is seeking parity with adult criminal defendants. Thus, the minors affected by the lack of a right to prehearing release are those who are charged with committing what would be a criminal offense, whether the petition is filed under sections 601 or 602.

[2]Plaintiff apparently does not contend that detention based on the grounds that the minor has violated an order of the juvenile court or has escaped from the commitment of the juvenile court places the juvenile in a less preferred position. An adult on probation or parole would be in no better position. (See Pen. Code, § 1203.2, §§ 3056-3060; *In re Law*, 10 Cal.3d 21, 26 [109 Cal.Rptr. 573, 513 P.2d 621].)

[3]The full range of prehearing detention procedures for minors discussed by plaintiff is not entirely relevant, since, as noted, he challenges only those provisions in which the system permits the untried minor to be detained when the adult criminal defendant in the same circumstances would not be. This limitation helps to place the adult and juvenile systems in perspective: Thus, although a juvenile who is brought to and

The California Constitution, article I, section 12 provides that a "person," and Penal Code sections 1270 and 1271 provides that a "defendant," unless charged with a capital offense is entitled to bail. (See *In re Boyle,* 11 Cal.3d 165, 168-169 [113 Cal.Rptr. 99, 520 P.2d 723].) There is no "public safety" exception; the "purpose of bail is to assure the defendant's attendance in court when his presence is required, . . . ." (*In re Underwood,* 9 Cal.3d 345, 348 [107 Cal.Rptr. 401, 508 P.2d 721].)

In contrast, Welfare and Institutions Code sections 635 and 636 authorize detention on the grounds "that it is a matter of immediate and urgent necessity for the protection of such minor or the person or property of another that he be detained. . . ."

Plaintiff contends, first, that the California Constitution and the Penal Code provisions authorizing bail apply to juveniles; second, that the Eighth Amendment to the United States Constitution guarantees the juvenile the right to bail; and third, that the United States and California constitutional guarantees of due process and equal protection prohibit denying the juvenile bail on the same terms that would be applied to an adult criminal defendant.

It has been held that a juvenile is not entitled to bail under either article I, section 12—then, section 6—of the California Constitution or the Penal Code. (*In re Magnuson,* 110 Cal.App.2d 73, 74 [242 P.2d 362].)[4] Such a right cannot be found in the juvenile court act, which explicitly authorizes prehearing detention. (*In re Castro,* 243 Cal.App.2d 402, 412 [52 Cal.Rptr. 469].) The Eighth Amendment of the United States Constitution confers a right to bail on no one, whether adult or juvenile. (*In re Underwood, supra,* 9 Cal.3d 345, 349.)

Plaintiff's final contention is that the absence of a bail provision in the juvenile court law denies the detained juvenile due process, equal protection, or both. However, not all distinctions in the treatment of

---

detained by a probation officer may be detained for a total of three judicial days before he is brought before the juvenile court for the section 635 detention hearing (see Welf. & Inst. Code, §§ 626, 631, 632), an adult who is arrested must be brought before a magistrate to set bail within two judicial days (Pen. Code, §§ 825, 1271)—a difference not likely to provide the basis for invalidating the entire system, even considering plaintiff's hypothetical of a juvenile detained on Wednesday, July 3.

[4] Although former article I, section 6 was clearly geared to "criminals," and encompassed "punishments" and "excessive fines," new article I, section 12 is limited to bail and own-recognizance releases. However, section 12 does refer to "capital crimes," suggesting that California's constitutional right to bail is still limited to criminal defendants.

juveniles and of adults have been found to be unconstitutional: "In recent years the courts, while preserving the beneficial aspects of the juvenile process, have held that certain procedural protections must be observed in order to guarantee the fundamental fairness of juvenile proceedings. [Citations.] *Gault, Winship,* and the other decisions which insure such procedural fairness in juvenile proceedings do not, however, suggest a surrender of the salutory protections of the juvenile court system." (*T.N.G.* v. *Superior Court,* 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981]. See also, *Leroy T.* v. *Workmen's Comp. Appeals Bd.,* 12 Cal.3d 434, 439 [115 Cal.Rptr. 761, 525 P.2d 665].)[5]

Whether the possibility of detention without opportunity to post bail for 15 judicial days is, taken in context,[6] unconstitutional has not been squarely decided in this state. (See *Rivera* v. *Freeman* (9th Cir. 1972) 469 F.2d 1159, 1165.)

Nevertheless, we believe that our Supreme Court in *In re William M., supra,* 3 Cal.3d 16, 26, at footnote 17, has indicated its belief that the absence of a system of bail is not unconstitutional: "The California Juvenile Court Law, as properly administered, provides an adequate system for the prehearing release of juveniles without the requirement of posting bail. [Citations.] Hence, we decline to consider whether juveniles are constitutionally entitled to bail. [Citations.] In *Gault* the United States Supreme Court declared that 'whatever may be their precise impact, neither the Fourteenth Amendment nor the Bill of Rights is for adults alone.' But the court observed: 'we are not here concerned with the procedures or constitutional rights applicable to the prejudicial stages of the juvenile process. . .' and did not consider whether a child is entitled to bail. [Citation.] The Juvenile Court Law and section 635, as properly construed, do not permit the detention of juveniles for the protection of society in situations in which an adult would be entitled to

[5]Plaintiff has submitted to us various materials indicating, arguably, that many juveniles are unnecessarily detained both before and after adjudication under sections 601 and 602. If that be true, it is a situation which can and should be corrected by appropriate legislation or case-by-case review in instances where trial courts fail to follow existing statutes as judicially interpreted.

[6]For example, while a juvenile hearing must be set within 15 judicial days after a juvenile is detained, (Welf. & Inst. Code, §§ 636, 657), an adult defendant in custody for a felony will not be brought to trial for some 85 days after his appearance before a magistrate. (See Pen. Code, §§ 859b, 1382, subds. (1) (2).) Moreover, although certain minors can be detained because they are a danger to themselves or others (Welf. & Inst. Code, §§ 635, 636) the thrust of juvenile court law is to avoid detention. (Welf. & Inst. Code, §§ 502, 626; see also *In re William M.,* 3 Cal.3d 16, 25-26 [89 Cal.Rptr. 33, 473 P.2d 737].)

bail pending trial. Section 635, however, does provide ample authority for the detention of children for their own protection [citation]; to superimpose a provision for bail in the Juvenile Court Law would cause unexplored difficulties for most juveniles, particularly those who are indigent. [Citation.]"

Plaintiff points out that *In re William M.* carefully stated that "section 635, as properly construed, [does] not permit the detention of juveniles for the protection of society," and that *In re Underwood, supra,* 9 Cal.3d 345, 348, held that there is no "public safety" exception to the right to bail.

However, although many procedural protections afforded adult offenders have been extended to juvenile offenders (see, e.g., *Breed* v. *Jones* (1975) 421 U.S. 519, 527 [44 L.Ed.2d 346, 357, 362, 95 S.Ct. 1779] [double jeopardy prohibition]), the purpose of juvenile court proceedings still is "the protection and benefit" of minors. (*In re Dennis M.,* 70 Cal.2d 444, 456 [75 Cal.Rptr. 1, 450 P.2d 296].)

It is not unreasonable to assume, then, that our Supreme Court, in impliedly rejecting a right to bail or prehearing release in *In re William M.,* concluded that in situations where "the person or property of another" requires protection, the minor may be detained because the same acts that threaten society also threaten the minor, whose protection is then a "matter of immediate and urgent necessity. . . ."

The judgment is affirmed.

Stephens, J., and Ashby, J., concurred.

A petition for a rehearing was denied August 26, 1975, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1975.