This is an appeal by appellant, Antonio Kelly, from a judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, Juvenile Branch, overruling appellant's objections to a magistrate's decision.
The relevant facts of this case are not in dispute, and the following facts are taken primarily from the trial court's decision filed May 12, 1998. On March 17, 1995, a complaint was filed against appellant, alleging that he was a delinquent child, having committed the offense of robbery, in violation of R.C. 2911.02. An adjudicatory hearing was conducted on March 24, 1995, at which time appellant admitted to the robbery offense. The magistrate found appellant to be a delinquent child, and appellant was placed on probation for one year.
Appellant subsequently admitted to violating the terms of his probation, and the magistrate committed appellant to the custody of the Department of Youth Services ("DYS") for an indefinite period. On March 18, 1996, appellant was released from DYS. A journal entry approving the terms of his parole was filed on February 29, 1996. By entry filed August 14, 1996, the magistrate revoked appellant's parole after appellant admitted to violating the terms; appellant was returned to DYS for a minimum term of ninety days. Following the filing of a journal entry approving the terms of his parole, appellant was released on November 13, 1996.
By decision filed May 12, 1997, a magistrate again found appellant in violation of the terms of his parole, and he was returned to DYS for a minimum term of ninety days. Appellant was released on August 14, 1997; a journal entry approving the terms and conditions of his parole was filed on August 15, 1997.
On October 28, 1997, DYS filed a motion for the juvenile court to exercise continuing jurisdiction over appellant, based on the allegation that appellant violated the terms of his probation by truanting his placement on October 24, 1997. Appellant turned eighteen years of age on November 9, 1997.
Appellant was subsequently indicted in the general division of the court of common pleas for carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree. This offense allegedly occurred on November 26, 1997, after appellant attained the age of eighteen.
By order filed December 17, 1997, the magistrate held appellant in detention pending an adjudication hearing on the motion filed by DYS alleging a parole violation. Appellant admitted to a violation of the terms of his parole, and the magistrate ordered that he be detained in the detention center pending his dispositional hearing. On February 2, 1998, appellant's counsel filed a motion to terminate the jurisdiction of the juvenile court. Counsel also requested findings of fact and conclusions of law.
In a decision filed by the magistrate and adopted by the trial court, the magistrate sustained DYS' motion to exercise continuing jurisdiction, finding that appellant had committed a serious violation of the terms of his parole. The court ordered appellant to be returned to DYS for institutionalization for a minimum period of ninety days.
Counsel for appellant filed objections to the magistrate's decision. By decision filed May 12, 1998, the trial court overruled appellant's objections.
On appeal, appellant sets forth the following assignments of error for review:
 "I. The Trial Court erred in continuing exclusive original jurisdiction over Defendant-Appellant at the time Franklin County Court of Common Pleas of Columbus, Ohio has been exercising its jurisdiction ('Concurrent Jurisdiction') in violation of Ohio Statutory law, specifically, Ohio R.C. 2151.23 and 2151.31 and the Defendant-Appellant's fundamental rights pursuant to the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions with regard to the following grounds: 1) fundamental unfairness; and 2) denial of the equal protection of the laws.
 "II. The Trial Court erred in sustaining the State's motion for continuing jurisdiction and overruling Defendant-Appellant's motion to terminate exclusive original jurisdiction over the person of Defendant-Appellant such that it adversely affected the fundamental rights of the Defendant-Appellant pursuant to the Bail, Due Process, and Equal Protection provisions of the United States and the Ohio Constitutions in regard to the following grounds: 1) denial of the fundamental right to bail; 2) fundamental unfairness; and 3) denial of the Equal Protection of the laws.
 "III. The Trial Court erred in sustaining the State's motion for continuing jurisdiction and overruling Defendant-Appellant's motion to terminate exclusive original jurisdiction over the person of Defendant-Appellant such that it adversely affected the fundamental rights of the Defendant-Appellant pursuant to the Due Process
provisions of the United States and the Ohio Constitutions in regard to the following ground: 1) fundamental unfairness.
 "IV. The Trial court erred in sustaining the State's motion for continuing jurisdiction and overruling Defendant-Appellant's motion to terminate exclusive original jurisdiction over the person of Defendant-Appellant such that it adversely affected the fundamental rights of the Defendant-Appellant pursuant to the Equal Protection provisions of the United States and the Ohio Constitutions in regard to the following ground: 1) denial of the Equal Protection of the laws.
 "V. Trial court erred in sustaining the State's motion for continuing jurisdiction and overruling Defendant-Appellant's motion to terminate exclusive original jurisdiction over the person of Defendant-Appellant such that it adversely affected the fundamental rights of the Defendant-Appellant pursuant to the Cruel and Unusual Punishment and Due Process provisions of the United States and the Ohio Constitutions in regard to the following grounds: 1) Cruel and unusual punishment, and 2) fundamental unfairness."
Appellant's assignments of error are interrelated and will be considered together. Under the first assignment of error, it is asserted that the juvenile court erred in failing to terminate its "exclusive original jurisdiction" over appellant once that court received notice that the general division of the court of common pleas was exercising jurisdiction over appellant regarding the charge for carrying a concealed weapon. Appellant contends that the exercise of "concurrent jurisdiction" over his person by both the juvenile court and the general division of the court of common pleas was contrary to R.C. 2151.23 and 2151.31, and resulted in appellant being denied his fundamental right to bail.
The statutes cited by appellant deal with the jurisdiction of the juvenile court over a child (R.C. 2151.23), as well as matters pertaining to the apprehension, custody and detention of a child (R.C. 2151.31). Appellant raises issues involving the subject-matter jurisdiction of the juvenile court as well as the jurisdiction of the general division of the court of common pleas.
In State v. Wilson (1995), 73 Ohio St.3d 40, 42, the Ohio Supreme Court noted that:
 "The general subject matter jurisdiction of Ohio courts of common pleas is defined entirely by statute pursuant to Section 4(B), Article IV of the Ohio Constitution, which states that 'the courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law.' With regard to criminal cases, R.C. 2931.03
provides: 'The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas. * * *"
The court in Wilson further noted that "the General Assembly has allocated certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." Id. In State v. Neguse (1991), 71 Ohio App.3d 596, 599, this court observed:
 "R.C. 2151.07 creates Ohio's juvenile courts. The Franklin County Juvenile Court is a branch within the Common Pleas Court's Division of Domestic Relations pursuant to R.C. 2151.07 and 2151.011 (A)(1). As courts of limited and special subject matter jurisdiction, juvenile courts can exercise only the powers and jurisdiction conferred by Ohio's Juvenile Court Act, R.C. Chapter 2151.* * *
 "The jurisdiction of juvenile courts is specifically defined by R.C. 2151.23 and 2151.26, effective November 19, 1969. R.C. 2151.23(A)(1) unequivocally states that the juvenile court has exclusive original subject matter jurisdiction to determine the case 'concerning any child who * * * is alleged to be * * * a delinquent.' * * *"
R.C. 2151.02(A) defines a "delinquent child" as "[a]ny child who violates any law of this state or the United States * * * that would be a crime if committed by an adult * * *." R.C.2151.011(B)(6)(a) defines "child" as "a person who is under eighteen years of age * * *." Conversely, R.C. 2151.011(B)(2) provides that "[a]dult' means an individual who is eighteen years of age or older." R.C. 2151.011 (B)(6) further states:
 "(b) Subject to division (B)(6)(c) of this section, any person who violates a federal or state law or municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint is filed or the hearing on the complaint is held.
 "(c) Any person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act."
In the present case, the trial court noted that, under Ohio's statutory scheme, "the juvenile court's jurisdiction continues even if the complaint is filed and the hearing on the complaint is held after the child becomes eighteen, as long as the child is taken into custody before the child becomes twenty-one." The trial court further noted that, "Ohio courts have recognized that juvenile court jurisdiction continues after a child reaches the age of eighteen for offenses committed before the child became eighteen."
As noted under the facts, on October 28, 1997, DYS filed a motion for the juvenile court to exercise continuing jurisdiction over appellant, alleging that he had violated the terms of his probation by truanting his placement on October 24, 1997. On November 9, 1997, appellant turned eighteen years of age. Appellant was subsequently indicted in the general division of the court of common pleas for an offense that allegedly occurred on November 26, 1997, after appellant turned eighteen.
In addressing appellant's contention that the juvenile court and the general division of the court of common pleas were improperly exercising "concurrent jurisdiction" over him, the trial court held that, "[t]he juvenile court has exclusive original jurisdiction over the parole violation and no jurisdiction over the carrying a concealed weapon charge," whereas "[t]he general division of the court of common pleas has original jurisdiction over the carrying a concealed weapon charge but no jurisdiction over the parole violation." Thus, the court concluded that appellant "is subject to the jurisdiction of both courts, exercised separately on two unrelated charges." We agree with the trial court's analysis.
Pursuant to statute, the juvenile court is vested with exclusive jurisdiction over a person who is a "child" at the time of the offense.[1] As noted above, the term "child" is, for purposes of the instant action, defined as "a person who is under eighteen years of age." R.C. 2151.011(B)(6)(a). Under Ohio's statutory scheme, a "child' " who is adjudicated a delinquent for committing specified acts may be committed to the custody of DYS until that individual reaches the age of twenty-one years. R.C. 2151.355. Further, upon a determination by the juvenile court that there has been a violation of any post-release terms and conditions, the court may order the child returned to DYS for a minimum period of three months. R.C. 2151.38(D). In the present case, the juvenile court retained exclusive jurisdiction to consider a violation of the terms of appellant's parole regarding an offense committed prior to appellant attaining the age of eighteen.
However, regarding the charge of carrying a concealed weapon, appellant was over eighteen at the time that offense was committed. By statutory definition, appellant was not a "child," and thus that offense did not fall within the jurisdiction of the juvenile court. Appellant incorrectly asserts that it was incumbent upon the state "to determine whether the 'child' * * * should be bound over to Adult Court for adjudication on the adult charges." Rather, because appellant was not a "child" for purposes of the felony offense, there was no bindover issue before the juvenile court concerning that crime. Consequently, the jurisdiction exercised by the general division of the common pleas court over the charge of carrying a concealed weapon had no affect on the juvenile court's exclusive jurisdiction to consider the parole violation. Appellant has failed to point to any statutory authority for the proposition that an individual cannot be treated as a "child" (subject to the jurisdiction of the juvenile court) for an act committed before the age of eighteen, and as an "adult" for a separate offense committed after attaining the age of eighteen (subject to the jurisdiction of the general division of the court of common pleas). Because the juvenile court never obtained jurisdiction over the felony offense, we reject appellant's contention that the juvenile court erred in failing to terminate its jurisdiction over appellant upon being notified of that charge.
Appellant further argues that he was denied his constitutional right to bail under the facts of this case. Specifically, appellant contends that the general division of the common pleas court granted appellant bail on December 8, 1997, related to the charge of carrying a concealed weapon. However, despite the fact he was granted bail on the adult criminal charge, appellant was not released because of the magistrate's orders that he be detained pending the disposition of his probation violation in juvenile court.
Appellant's argument that he was denied the right to bail is premised upon his erroneous assertion that the juvenile court erred in failing to terminate its jurisdiction over appellant once it was informed of the felony charge against appellant in the general division of the common pleas court. Having rejected appellant's argument as to the jurisdictional issue, we further find no merit to the contention that appellant was improperly denied bail, i.e., appellant's right to bail (prior to conviction) in the adult action did not affect the jurisdiction of the juvenile court to detain appellant in the separate proceeding regarding the parole violation.
Even assuming that we were required to reach the constitutional issue, we would find no error in the trial court's determination that a juvenile has no absolute constitutional right to bail. The United States Supreme Court has stated:
 "* * * We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles * * * (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination) * * *. But the Constitution does not mandate elimination of all differences in the treatment of juveniles. * * * The State has 'a parens patriae interest in preserving and protecting the welfare of the child,' * * * which makes a juvenile proceeding fundamentally different from an adult criminal trial. * * *" Schall v. Martin (1984), 104 S.Ct. 2403, 2409.
Thus, in the case of In re Gault (1967), 87 S.Ct. 1428, while the United States Supreme Court recognized that certain constitutionally guaranteed procedural rights are applicable to juvenile proceedings, the court did not pass on the issue whether a child is entitled to bail. The court in that case noted, however, that in various jurisdictions "wide differences have been tolerated * * * between the procedural rights accorded to adults and those of juveniles," and the court inGault specifically noted that the right to bail is one right which has been withheld from juveniles. Id. at 1436.
The Ohio Supreme Court has held that "Juvenile Court proceedings are essentially noncriminal, and the infusion into such procedure of the full inventory of rights or features provided in criminal cases, other than those essential to due process generally, would predictably destroy the individualized, remedial nature of adjudication therein."In re Agler (1969), 19 Ohio St.2d 70, 78-79. This distinction was the basis in part for the court's decision in State ex rel.Peaks v. Allaman (1952), 66 Ohio L. Abs. 403, holding that a minor detained as a result of the filing of a delinquency petition was not entitled to bail. In Peaks, the court held that Article I, Section 9 of the Ohio Constitution has application only to "bailable offenses," and that a minor before the juvenile court on a delinquency adjudication is not a person actually "charged" with an offense under the constitution. See, also, Kurtz Giannelli, Ohio Juvenile Law (1997) 160, Section 16.6 (since a child alleged to be delinquent is not charged with a crime, he or she is not entitled to bail under Article 1, Section 9 of the Ohio Constitution; "[It]he restrictions on detention and the protection afforded to detained children by the statutes and rules are considered to be an adequate substitute for bail").
Courts in other jurisdictions have similarly held that juveniles enjoy no absolute constitutional right to bail. See,e.g., State v. M.L.C. (Utah 1997), 933 P.2d 380 (juvenile awaiting bindover decision was not "charged with a crime," within meaning of state constitutional provision requiring all persons charged with crime to be bailable); Pauley v. Gross
(Kan. 1977), 574 P.2d 234 (absolute right to bail is inconsistent with Juvenile Code's philosophy of providing care and guidance for juveniles in need); L.O.W. v. District Court
(Colo. 1981), 623 P.2d 1253 (juvenile does not have an absolute constitutional or statutory right to bail pending adjudication of the charges filed against him in juvenile court); Aubry v.Badbois (1975), 50 Cal.App.3d 470 (juvenile not entitled to bail under state constitution). We find no error in the trial court's determination that appellant had no absolute constitutional right to bail on the juvenile charge.
Appellant contends, under his third and fourth assignments of error, that the actions of the trial court in overruling appellant's motion to terminate "exclusive original jurisdiction" over him were in contravention of due process and equal protection rights. Specifically, appellant again argues that the trial court disregarded statutory law (R.C. 2151.23
and 2151.31), and that the court effectively denied him the fundamental right to bail. We have previously rejected appellant's contention that the juvenile court violated statutory law by failing to terminate its jurisdiction over appellant. Appellant has shown no due process deprivation by the court.
We have also addressed appellant's contention that he was denied the right to bail. We find unpersuasive appellant's argument that denying bail to a juvenile violates equal protection concerns based on the assertion that adults charged with crimes are treated differently. This court has previously held that:
 "It is reasonable to place juveniles who become involved in the criminal justice system in a different category than adults. The philosophy of the juvenile courts and their mode of operation rests upon the theory that a person who has not reached the age of majority may be properly treated differently than an adult who commits the same act. The classification is based on a legitimate state interest. Since adults and juveniles are legitimately placed in different classifications as to treatment, the test of equal protection is whether the juvenile was treated equally as compared to other juveniles. Juveniles are not to be compared with adults so far as equal protection is concerned as that would be comparing persons in a different classification." In In re O'Neill (Sept. 27, 1977), Franklin App. No. 77AP-326, unreported (1977 Opinions 3372, 3375).
The distinction between juvenile and adult proceedings has served as the basis for courts rejecting equal protection arguments challenging the denial of bail to juveniles. SeeM.L.C., supra, (juveniles awaiting bindover decisions under statute are not in same class as adults charged with crimes; therefore, denying bail pending bindover determination does not violate equal protection principles); Pauley, supra, at 240 (detention in a juvenile proceeding is not the equivalent of denial of bail for an adult; absolute right to bail is inconsistent with Juvenile Code's philosophy of providing care and guidance for juveniles in need, and thus denial of bail does not deny due process or equal protection of laws); Aubry,supra, (statute permitting pretrial detention of juvenile, whereas adult charged with same offense would be entitled to bail, does not deny due process or equal protection).
Finally, appellant's contention that the actions of the trial court have subjected him to cruel and unusual punishment, based essentially on arguments previously addressed and rejected, is not well-taken. We note that the trial court, in considering this argument, concluded that appellant, while asserting the alleged constitutional violation, had failed to comply with the requirements of Juv.R. 40(E)(3)(b), requiring that "[o]bjections shall be specific and state with particularity the grounds of objection." Upon review, we agree that the objections raised were not specific.
Even assuming that this issue had been properly raised, we note that "[t]he cruel and unusual punishment clause was designed to protect those convicted of crimes and consequently the clause applies 'only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions.' " Riddle v. Innskeep (N.D.Ind. 1987),675 F. Supp. 1153, 1159. We have previously discussed the distinction between juvenile and adult proceedings. In State v.Weeks (1987), 37 Ohio App.3d 65, 66-67, this court noted:
 "Since the inception of a system of juvenile justice in Ohio, courts have distinguished between crimes committed by adults and delinquent acts committed by juveniles. In Prescott v. State
(1869), 19 Ohio St. 184, at 187-188, the court described a juvenile proceeding as:
 " '* * * [N]either a criminal prosecution, nor a proceeding according to the course of the common law, in which the right to a trial by jury is guaranteed.
 " 'The proceeding is purely statutory; and the commitment, in cases like the present, is not designed as a punishment for crime, but to place minors of the description, and for the causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority. * * *'
 "In Cope v. Campbell (1964), 175 Ohio St. 475, at 477 * * * the court stated:
 " 'Proceedings in a Juvenile Court are civil in nature and not criminal. The appellant was not prosecuted for a criminal offense. The appellant was never indicted, never convicted and never sentenced.'
"* * *
 "In In re Skeems (Feb. 25, 1982), Nos. 81AP-882 and -883, unreported, this court stated at 5:
 " '* * * While the commission of acts which would constitute a crime if committed by an adult sets the machinery of the Juvenile Court in motion, the issue before the court is whether or not the minor has engaged in the kind of conduct that constitutes delinquency and will therefore justify the intervention of the state to assume his protection and custody. Evidence that the minor committed acts that would constitute a crime if committed by an adult is used only for the purpose of establishing that the minor is delinquent, not to convict him of a crime and to subject him to punishment for that crime.' "
In the present case, the juvenile court's action in revoking appellant's probation and committing him to the care of DYS for a period of three months was not in the nature of a "criminal" detention. As such, the eighth amendment prohibition against cruel and unusual punishment was inapplicable to the detention imposed. Further, appellant has not shown a deprivation of due process rights by the juvenile court in its disposition which, as noted by the state, was within statutory limits.
Based upon the foregoing, appellant's first, second, third, fourth and fifth assignments of error are overruled and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.
[1] In State v. Wilson (1995), 73 Ohio St.3d 40, 43, the court noted that "R.C. 2151.26 and Juv.R. 30 provide a narrow exception to the general rule that juvenile courts have exclusive subject matter jurisdiction over any case involving a child." Specifically, "[i]n what is generally referred to as a bindover procedure, a juvenile court may transfer a case involving an alleged delinquent child to the court that would have had jurisdiction of the offense if it had been committed by an adult. R.C. 2151.26(A)(1)." Id.